Ben HARTFIELD et al., Appellant,

v.

The STATE OF MISSISSIPPI, Appellee.

Shirley ANDERSON et al., Appellant,

v.

STATE OF MISSISSIPPI, Appellee.

Nos. 21811, 21813.

United States Court of Appeals
Fifth Circuit.*

July 21, 1966.

Benjamin E. Smith, Jack Peebles, Smith, Waltzer, Jones & Peebles, New Orleans, La., for appellants.

James K. Dukes, Hattiesburg, Miss., James Finch, Dist. Atty., Hattisburg, Miss., Joe T. Patterson, Atty. Gen. of State of Mississippi, Will S. Wells, Asst. Atty. Gen. of State of Mississippi, Peter M. Stockett, Jr., Sp. Asst. Atty. Gen. of State of Mississippi, Jackson, Miss., for appellee.

Before WHITAKER,* Senior Judge, and WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

The appellants in these cases were arrested by state authorities in Hattiesburg, Mississippi and charged in the County Court for Forrest County with "engage(ing) in picketing, or mass demonstration, in such a manner as to obstruct or interfere with free ingress or egress to and from the Forrest County Court House, a public building, owned by Forrest County, Mississippi, against the peace and dignity of the State of Mississippi." (House Bill 546, Mississippi General Acts of Regular Legislative Session, 1964). While the prosecutions were pending in the County Court, the appellants filed removal petitions in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, alleging jurisdiction under 28 U.S. C.A. §§ 1443 and 1446.

The appellants alleged in their petitions for removal that they were associated with the Council of Federated Organizations and at the time of their arrest, while picketing, were engaged in encouraging Negroes to register to vote at the Forrest County Court House. The appellants averred that they were denied equal protection of the laws; that they could not enforce and were denied their equal civil rights in the County Court;

* Of the Court of Claims of the United States, sitting by designation.

and that they were being prosecuted for an act performed under authority of laws providing for equal rights of citizens.

The State of Mississippi denied the allegations in the removal petitions and moved to remand the causes to the County Court for Forrest County.

The district court granted the motions to remand. The appellants appeal from that order. This Court is compelled to affirm on the authority of City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, June 20, 1966. See also State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed. 2d 925, June 20, 1966.