**SUNFLOWER COUNTY COLORED BAP-
TIST ASSOCIATION, Appellant,**

v.

**TRUSTEES OF INDIANOLA MUNICI-
PAL SEPARATE SCHOOL DIS-
TRICT, Appellee.**

No. 22817.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1966.

L. H. Rosenthal, Jackson, Miss., Smith, Waltzer, Peebles & Jones, Benjamin Smith, Bruce Waltzer, New Orleans, La., for appellant.

Oscar B. Townsend, Indianola, Miss., for appellee.

Before RIVES, GEWIN and GODBOLD, Circuit Judges.

GEWIN, Circuit Judge.

Eminent domain proceedings were brought in the Special Court of Eminent Domain for Sunflower County, Mississippi, Justice of the Peace, D. C. Wiggins, presiding, against the Sunflower County Colored Baptist Association, the City of Indianola, Mississippi, and Mable Lloyd Crawford, et al., owners of three separate tracts of land, by the Trustees of Indianola Municipal Separate School Dis-

trict in order to acquire land for schools and playground purposes.[1] The tract of land owned by the Sunflower County Colored Baptist Association was being used by the Council of Federated Organizations, "COFO", one of the civil rights organizations engaged in integration activities in Mississippi, to conduct a freedom school which offered instruction to Negro children and adults on various subjects.

Although the condemnation suit was instituted against all three of the above owners, only the Association filed a removal petition in the United States District Court for the Northern District of Mississippi alleging jurisdiction under 28 U.S.C. § 1443 because under the condemnation proceeding in Mississippi courts, it will be denied a fair trial, equal protection of the laws and particularly will be denied its federal rights arising under 42 U.S.C. §§ 1981, 1982 and 1983.[2]

The School District filed a motion to remand which was granted by the district court. We find that the allegations of jurisdictional facts are insufficient to meet the conditions of 28 U.S.C. § 1443[3] as set forth in State of Georgia v. Rachel, et al., 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) but present a factual situation clearly controlled by City of Greenwood v. Peacock, et al., 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) and therefore the judgment of the district court is affirmed.

■■■ The Association's right to a fair trial and equal protection of the laws and its rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality and therefore such legislation cannot support a valid claim for removal under § 1443. State of Georgia v. Rachel, et al., supra, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, at 933–934.[4] Even though 42 U.S.C. §§ 1981

1. The three tracts of land are separately described and the owners of the separate tracts are not identical. There are numerous parties defendant in the condemnation proceedings, including residents, non-residents, and the then unknown heirs at law of certain named persons.

2. These statutes provide:
   "§ 1981. *Equal rights under the law*
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. R.S. § 1977."
   "§ 1982. *Property rights of citizens*
   All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. R.S. § 1978."
   "§ 1983. *Civil action for deprivation of rights*
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,

   subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

3. Section 1443 states:
   "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. June 25, 1948, c. 646, 62 Stat. 938."

4. In the instant case it cannot be said that "any" proceedings in the courts of Mississippi in the exercise of the usual sovereign right of eminent domain will con-

and 1982 qualify as racial equality legislation these statutes do not prohibit a condemnation suit by a Mississippi school district and they do not confer an absolute right on private citizens not to be subjected to eminent domain actions. City of Greenwood v. Peacock, et al., supra, 384 U.S. 780, 86 S.Ct. 1800, 16 L.Ed.2d at 955–956. Although the Court held in Peacock that 42 U.S.C.A. § 1981 did qualify under the phrase "any law providing for * * * equal civil rights" in Section 1443(1) it concluded:

> "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's

federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. State of Georgia v. Rachel, supra [384 U.S. 780, 16 L.Ed.2d 925, 86 S.Ct. 1783]; Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664." (86 S.Ct. p. 1812, 16 L.Ed.2d pp. 956–957)

Later in its opinion the Court clearly delineates the limited circumstances in which the rule announced in *Rachel* is applicable:

> "And in Rachel we have concluded that removal to the federal court in the narrow circumstances there presented would not be a departure from the teaching of this Court's decisions, because the Civil Rights Act of 1964, in those narrow circumstances, 'substitutes a right for a crime.' Hamm v. City of Rock Hill, 379 U.S. 306, 315, 85 S.Ct. 384, 13 L.Ed.2d 300, 307, 85 S.Ct. 384." (86 S.Ct. at p. 1814, 16 L.Ed.2d at p. 959)

■■ Finally, the Association's claim that their federal civil rights will be denied must be based on the state constitution, a statute, municipal ordinance, rule of court or regulatory provisions binding on the court which expressly

---

stitute a denial of rights conferred by any civil rights act. We quote from the decision in *Rachel:*
> "In the narrow circumstances of this case, *any* proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964, as construed in Hamm v. City of Rock Hill, if the allegations of the removal petition are true. The removal petition alleges, in effect, that the defendants refused to leave facilities of public accommodation, when ordered to do so solely for racial reasons, and that they are charged under a Georgia trespass statute that makes it a criminal offense to refuse to obey such an order. The Civil Rights Act of 1964, however, as Hamm v. City of Rock·Hill, 379 U.S.

306 [85 S.Ct. 384], 13 L.Ed.2d 300, made clear, protects those who refuse to obey such an order not only from conviction in state courts, but from *prosecution* in those courts. Hamm emphasized the precise terms of § 203(c) that prohibit any 'attempt to punish' persons for exercising rights of equality conferred upon them by the Act. The explicit terms of that section compelled the conclusion that 'nonforcible attempts to gain admittance to or remain in establishments covered by the Act, are immunized from prosecution * * *.' 379 U.S., at 311 [85 S.Ct. at 389], 13 L.Ed.2d at 305. The 1964 Act therefore 'substitutes a right for a crime.' 379 U.S., at 314 [85 S.Ct. at 390], 13 L. Ed.2d at 306." (Emphasis in original)

deny such federal rights. See State of Georgia v. Rachel, supra, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d at 940. No Mississippi statute, including the eminent domain statute, Mississippi Code Ann. § 2781, which confers on municipal separate school districts the power to acquire property for school purposes, or the Mississippi constitutional provision allowing the taking of property for public use, Art. 3, § 17, precisely conflicts and conclusively denies the federal rights of the Association. In addition, the Association's intimation and argument that at some point in the future there will be operated on the acquired property a racially segregated school system does not transform the eminent domain suit into a direct and immediate denial of the Association's federal rights. If such a denial does eventually come to pass, the remedy is clear. See Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) and the host of desegregation cases which followed including many in this Circuit. Appropriate remedies for claims of unfair proceedings, denial of equal protection and rights under § 1983 are indicated in City of Greenwood v. Peacock, supra, 384 U.S. 780, 86 S.Ct. 1800, 16 L.Ed.2d at 957.[5]

The judgment is affirmed.

5. The *Peacock* decision suggests a number of remedies, all of which we do not undertake to outline, but the following quotation from that opinion is illustrative of the reasoning of the Court:

"What we have said is not for one moment to suggest that the individual petitioners in this case have not alleged a denial of rights guaranteed to them under federal law. If, as they allege, they are being prosecuted on baseless charges solely because of their race, then there has been an outrageous denial of their federal rights, and the federal courts are far from powerless to redress the wrongs done to them. The most obvious remedy is the traditional one emphasized in the line of cases from State of Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667, to Com. of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633—vindication of their federal claims on direct review by this Court, if those claims have not been vindicated by the trial or reviewing courts of the State. That is precisely what happened in two of the cases in the Rives-Powers line of decisions, where removal under the predecessor of § 1443(1) was held to be unauthorized, but where the state court convictions were overturned because of a denial of the defendants' federal rights at their trials. That is precisely what has happened in countless cases this Court has reviewed over the years—cases like Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176, to name one at random decided in the present Term. 'Cases where Negroes are prosecuted and convicted in state courts can find their way expeditiously to this Court, provided they present constitutional questions.' England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 434, 84 S.Ct. 461, 475, 11 L.Ed.2d 440, 456 (Douglas, J., concurring).

"But there are many other remedies available in the federal courts to redress the wrongs claimed by the individual petitioners in the extraordinary circumstances they allege in their removal petitions. If the state prosecution or trial on the charge of obstructing a public street or on any other charge would itself clearly deny their rights protected by the First Amendment, they may under some circumstances obtain an injunction in the federal court. See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22."