**Billy Wayne SINCLAIR, Appellant,**

v.

**STATE OF LOUISIANA, Appellee.**

**No. 24521.**

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1967.

J. St. Clair Favrot, Baton Rouge, La.,
for appellant.

Teddy W. Airhart, Jr., Asst. Atty.
Gen., Dept. of Justice, Ralph L. Roy, Asst.
Dist. Atty., Jack P. F. Gremillion, Atty.
Gen., Sargent Pitcher, Jr., Dist. Atty.,
Baton Rouge, La., for appellee.

Before GEWIN, BELL and AINS-
WORTH, Circuit Judges.

PER CURIAM:

This is a removal case involving 28
U.S.C.A. § 1443. The appeal is from an
order remanding the case to the state
court.

Appellant was indicted for murder by
a grand jury of East Baton Rouge,
Louisiana. He moved, after pleading
not guilty, to quash the indictment on
the ground that the grand jury which in-
dicted him and the petit jury which was
scheduled to try him were unconstitu-
tionally drawn in that women were sys-
tematically excluded from jury service
in the Louisiana state courts. The mo-
tions to quash were overruled and the
Supreme Court of Louisiana denied ap-
plications for writs of certiorari, prohi-
bition and mandamus. He then removed
the proceedings to the federal district
court for trial.

The district court did not err
in granting the motion of the state to re-
mand.[1] This case is controlled adversely
to appellant by our recent case of Bass
v. State of Mississippi, 5 Cir., 1967, 381
F.2d 692. As was there stated, the re-
moval statute contemplates civil rights
stated in terms of racial equality. The
question of women being excluded from
juries does not fall in this category of
rights.

Affirmed.

---

1. Counsel advised the court during argu-
ment that appellant has since been tried
in the state court, found guilty and sen-
tenced to death. His appeal is pending
in the Louisiana Supreme Court.