Zelma C. WYCHE, Appellant,

v.

STATE OF LOUISIANA, Appellee.

No. 24165.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1967.

Alvin J. Bronstein, Jackson, Miss., Richard B. Sobol, New Orleans, La., for appellant.

William P. Schuler, Asst. Atty. Gen., New Orleans, La., Jack P. F. Gremillion, Atty. Gen., for State of Louisiana, Thompson L. Clarke, Dist. Atty., Sixth Judicial Dist. of La., for appellee.

Before TUTTLE, THORNBERRY and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from an order remanding to the state courts of Louisiana for trial a bill of information filed against the appellant charging that he is guilty of aggravated burglary in violation of L.S.A.–R.S. 14:60.[1] The maximum punishment for aggravated burglary is thirty years.

The bill of information filed against the appellant states that he "committed aggravated burglary of a building belonging to A. W. Pressley, in that he did unauthorizedly enter a building, to-wit: Highway 80 Truck Stop, belonging to A. W. Pressley, where John Monsell was present, with the intent of committing a battery upon John Monsell, and while leaving said building did commit a simple battery upon the person of John Monsell."

After the filing of the information and before trial, on October 12, 1966, appellant filed in the United States District Court for the Western District of Louisiana a petition removing the case to that court, pursuant to the provisions of

---

1. The offense is defined in the statute as the "unauthorized entering of any * * * structure * * * where a person is present, with the intent to commit a fel-ony or any thefts therein, if the offender * * * (3) [c]ommits a battery upon any such person while in such place, or in entering or leaving such place."

28 U.S.C.A. §§ 1443(1), 1446. In that petition, the appellant alleged that the entry charged to be "unauthorized" was entry during normal business hours into a restaurant covered by Section 201 of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000a, and that, therefore, the entry was specifically authorized by Section 201 of the Act; that the purpose of the entry was to exercise rights guaranteed by Section 201; that appellant acted peacefully at all times, and, conversely, did not commit any criminal or violent acts while in or while leaving the restaurant; and that the prosecution is "an attempt to punish" appellant for the attempted exercise of rights under Section 201, and is therefore forbidden by Section 203 of the Act, 42 U.S.C.A. 2000a–2.

On October 19, 1966, a motion to remand the case to the state court was filed by the State. The trial court without a hearing, on October 20, 1966, entered an order of remand. On October 21, 1966, a stay of the order of remand was entered by a member of this court pending consideration by a panel of this court of appellant's application for a stay pending appeal. On November 2, 1966, a stay of remand pending appeal was granted by a panel of this court.

It is immediately apparent that the issue here for our consideration is whether this case falls within that class of cases which the United States Supreme Court in State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, 1966, held may properly be removed under the provisions of 28 U.S.C.A. § 1443(1), or whether it falls within the remaining class of cases which the Supreme Court said in City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L. Ed.2d 944 1966, were not removable under the Civil Rights removal statute.

In the *Rachel* case, the Supreme Court held that if, as alleged in the removal petition, the state prosecution of the movants was being pursued by the state authorities for a violation of the state trespass statute (which made it a crime for a person not to leave the premises of another when requested to do so) solely because the movants were requested to leave a place of public accommodation (a restaurant) on account of their race or color, such prosecution by the state of Georgia was expressly prohibited by Section 203 of the Civil Rights Act.

"No person shall * * * intimidate, threaten, or coerce, or attempt to intimidate, threaten or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a [Section 201 of the Act] of this title or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured. by section 2000a or 2000a–1 of this title." Pub.L. 88–352 Title II § 203, 78 Stat. 244.

Such a prosecution, the Court held, would provide a basis for a trial court to make a "firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state courts." This was so because the federal statutes specifically prohibited the prosecution [punishment] of any person seeking to exercise the rights provided for in the public accommodations sections of the Civil Rights Act.

In this case, one of the ingredients of the crime of aggravated burglary in Louisiana is an "unauthorized entry" into a structure. There can be no crime of burglary under that statute unless it is proved that there was an "unauthorized entry." Thus, it clearly appears that the prosecution here for the act of entry is prosecution for an *act* which the movant alleged in his removal petition has been expressly authorized under Section 201 of the Civil Rights Act, the same section before the Court in *Rachel*. As the district court in *Rachel* was directed by the Supreme Court to conduct a hearing into the truth of allegations made by movants in their petition for removal that the prosecution for trespass in *Georgia* was for the illegal purpose of preventing the movants there from exercising the statutory right of enjoying a public accommodation, so here this removal petition requires that there be a determination by the district court of the truth of the

allegation made by the movant that his entry into the Highway 80 Truck Stop was an entry that was specifically authorized by Section 201 of the Civil Rights Act. If it was authorized, then the continued prosecution by the state of Louisiana would be in direct violation of the terms of Section 203 of the Civil Rights Act that prohibits prosecution of any person for an attempt to enjoy these rights. If there was violence following the entry by appellant into the restaurant, which violence can legally be attributed to him, such violence could be the subject of a prosecution for "simple battery," which is all that it is alleged to have amounted to in the information here before the court. It cannot be the basis of a prosecution for aggravated burglary which is the prosecution which is here sought to be removed.

It makes no difference that the Georgia Trespass Statute was the particular state law that was before the Supreme Court in *Rachel*, whereas here we are dealing with a statute prohibiting aggravated burglary. As stated by Judge Sobeloff in his concurring opinion in the case of State of North Carolina v. Hawkins, 4 Cir., 365 F.2d 559, "The test of removability is the content of the petition, not the characterization given the conduct in question by the prosecutor." It is what the movant was actually doing with respect to the exercise of his federally protected rights, as determined in a hearing for remand, not the appellation which is attributed to his attempted exercise of the rights by a state prosecutor that controls.

This case is clearly controlled by Georgia v. Rachel, supra. The judgment of remand is reversed and the case is remanded to the trial court with directions that the court conduct a hearing on the factual issue posed by the motion to remand, that is to say, whether the entry made by Wyche in the Highway 80 Truck Stop was in the exercise of his right to enjoy equal access to a place of public accommodation under Section 201 of the Civil Rights Act. If so, it will be the duty of the district court to proceed to a disposition of the state prosecution for aggravated burglary. Since a determination by the trial court on the removability question if in favor of removal, would eliminate one of the ingredients of the state offense, then, of course, there would be nothing left for the United States District Court to do but to dismiss the state charge. See Georgia v. Rachel, supra.