**James ORANGE et al., Appellants,**

v.

**STATE OF ALABAMA, Appellee.**

**No. 24281.**

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1967.

---

830

Oscar W. Adams, Jr., Demetrius C. Newton, Birmingham, Ala., Charles H. Jones, Jr., Melvyn Zarr, New York City, Norman C. Amaker, Jack Greenberg, New York City, for appellants.

Gordon Madison, Asst. Atty. Gen., MacDonald Gallion, Atty. Gen. of Alabama, Montgomery, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

This is an appeal from orders of the district court remanding, without a hearing, to the state courts criminal prosecutions growing out of appellants' civil rights activities. Each of the five cases consolidated on appeal is governed by Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 and City of Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

In case No. 3602–65, the petition for removal alleged that James Orange was arrested on a charge of contributing to the delinquency of minors. It was not alleged that he was attempting to exercise Title II rights. Therefore, under City of Greenwood v. Peacock, supra, remand was proper and this case is affirmed.

In case No. 3619–65 the removal petition alleged that appellants were arrested for trespass after warning while seeking nondiscriminatory restaurant service. These appellants contend and the appellee tacitly admits in its brief and conceded on oral argument that this case is squarely governed by Georgia v. Rachel, supra. Appellants should have been given an opportunity to establish that they were ordered to leave the restaurant solely because of their race. Therefore remand without a hearing was improper and this case must be reversed. Wyche v. State of Louisiana, No. 24,281, 5 Cir., October 26, 1967.

Appellants concede that case No. 3620–65 must be affirmed in that the relationship between these appellants and Title II rights was inadequately pleaded. Affirmed.

In cases No. 3621–65 and 3622–65 the removal petitions alleged that appellants were arrested for marching in the vicinity of the county jail to protest the arrest of appellants in case No. 3619–65, supra. Such marches are not protected under sections 201 or 202 of the 1964 Civil Rights Act. Therefore, remand to state court was proper under City of Greenwood v. Peacock, supra; see Ad-

derley v. State of Florida, 1966, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149; Hartfield v. State of Mississippi, 5 Cir. 1966, 367 F.2d 362.[1]  Affirmed.

Affirmed in part; reversed in part.

---

1. Appellants argue that 42 U.S.C.A. § 1971(b), protecting voting rights, should be analogized to § 203 of the 1964 Civil Rights Act, 42 U.S.C.A. § 2000a–2, providing for nondiscriminatory public accommodations.  By so doing they urge that these appellants were engaging in such protected activity as to make removal proper.  Acceptance of the argument would involve an extension of the rationale of *Rachel* and *Peacock* which we are unwilling to do.  Appellants seek

leave to amend their petitions for removal to allege facts which would bring them within an extension of the rationale of *Rachel* and *Peacock* as set forth, supra.  Being of the view that such an extension is unwarranted, leave to amend the petitions for removal is denied.