In the matter of Nathaniel A. Denman, Petitioner Decree No. 3535 of the County Commissioners of Barnstable County and Nathaniel A. DENMAN et al., Appellants,

v.

COUNTY OF BARNSTABLE et al., Appellees.

No. 7163.

United States Court of Appeals
First Circuit.

Dec. 3, 1968.

Nathaniel A. Denman, pro se.

Appellees not appearing.

Before STALEY *, Senior Circuit Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from a District Court order dismissing a petition for removal and remanding the cause to the state court. The original action was brought by petitioner against county commissioners seeking an increase in a land damage award stemming from a local eminent domain proceeding.

The petition contains a lengthy recital of difficulties encountered by petitioner in a state court in connection with his land litigation. These include alleged bias on the part of a judge and other officials, attempts to commit petitioner for examination, a threat to appoint a guardian ad litem, refusal to make a transcript of court proceedings available, denial of access to a county law library, setting his case for trial ahead of schedule. He seeks removal under 28 U.S.C. § 1443(1) to "enforce his equal rights" and particularly "his right to protect and defend his property".

The district court dismissed the petition on the ground that the petitioner was not a defendant in the state court action, as required by Section 1443. This action was clearly required from a reading of the petition.

Even if we were to consider petitioner's rather ingenious argument that he is a de facto defendant in that his petition for increase in land damages arises out of an eminent domain proceeding in which he was a defendant, we would still affirm. Sunflower County Colored Baptist Ass'n v. Trustees of Indianola, 369 F.2d 795 (5th Cir. 1966); see also Georgia v. Rachel, 384 U.S. 780, 788–793, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815, 827–828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

Affirmed.

* Of the Third Circuit, sitting by designation.