Jerry **WALKER**, Appellant,

v.

**STATE OF GEORGIA**, Appellee.

No. 26033.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1969.

Peter E. Rindskopf, Howard Moore, Jr., Atlanta, Ga., Thomas Jackson, Macon, Ga., Jack Greenberg, New York City, for appellant.

Andrew J. Whalen, Jr., Griffin, Ga., for appellee.

Before BELL, COLEMAN and MORGAN, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This appeal involves an effort to remove two state indictments for assault to the District Court under 28 U.S.C.A.

§ 1443(1). The removal petitions allege that appellant sought a federal forum to protect rights secured by Title II of the Civil Rights Act of 1964. 42 U.S.C.A. § 2000a et seq. The specific civil right involved in each petition is that of equal access to a place of public accommodation, and specifically a drive-in restaurant in Thomaston, Georgia. Each petition alleged a valid removal case under the teachings of Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, including the allegation that appellant's attempt to obtain service was peaceful. The state's answer in each instance was in the nature of a general denial, and motions to remand followed.[1]

The District Court conducted a plenary hearing on the issues presented by the motions to remand. The court considered the cases as being of the Rachel type. It was stipulated that the restaurant was a place of public accommodation within the meaning of Title II of the Act. The controlling error asserted is that the District Court applied an improper legal standard in arriving at its decision to remand the cases. We agree and remand for findings and conclusions in light of what we deem to be the proper standard.

The court stated that it was expressing no opinion one way or the other as to what actually happened when appellant sought service at the restaurant and during the altercation which followed. Rather we perceive that the court heard evidence only to the point of determining whether the state was in good faith contending that Walker committed acts which were not immune from state prosecution. The court went on to hold that the conduct charged, namely assault, was not so immune. This, the court could not do, without resolving the facts surrounding the altercation with respect to assault vel non. Without reciting all of the facts, we do observe that there appear to be two definite sides to the question. The undisputed facts indicate, among other things, that a shot was fired at appellant and his friends by one of the alleged assaultees following their attempt to obtain service. The other assaultee attempted to strike appellant with a blackjack. Appellant's alleged criminal conduct seems to have ensued, if at all, from attempting to escape these white assaultees who just happened to be armed with a pistol and blackjack.

■■ The requirement of Rachel is that the District Court is to conduct a hearing to determine whether appellant was being prosecuted solely for his peaceful and nonforcible attempt to gain service. If his allegations in this regard are found to be true, then it would follow that his conduct is immunized from prosecution by 42 U.S.C.A. § 2000a–2(c). In that event the removals would be sustained, and the prosecutions dismissed. See also Achtenberg v. State of Mississippi, 5 Cir., 1968, 393 F.2d 468, 475; Wyche v. Louisiana, 5 Cir., 1967, 394 F.2d 927. We reiterate what we said in Wyche, i. e., that it is not the state charge which controls; rather, what appellant was actually doing with respect to the exercise of his federally protected rights.

■ It appears that the issue for the District Court is whether appellant engaged in non-peaceable conduct, i.e., simple assault, when or after he was refused service but this issue is to be resolved in the federal forum in the first instance and in the context of his federal statutory right to obtain service and not to be prosecuted for his effort. This means that the court will not reach the question of the state's good faith.[2] The cases will be remanded or stand re-

---

1. The removal was also premised on 28 U.S.C.A. § 1443(2). This premise is without any validity whatever and the District Court properly eliminated this issue from the case. City of Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

2. The state filed no brief in this court and did not otherwise appear. Upon inquiry, the clerk was advised that the state was satisfied to rely on the opinion rendered by the District Court.

moved, depending on the facts of the altercation. Wyche v. Louisiana, supra.

The judgment of the District Court must be reversed and the case must be remanded with direction that the court make findings and conclusions in light of this legal standard. See Malat v. Riddell, 1966, 383 U.S. 569, 572, 86 S.Ct. 1030, 16 L.Ed.2d 102, on procedure. The new findings and conclusions may be made on the same record or on the record as supplemented, all in the discretion of the District Court. Cf. Kelly v. Page, 5 Cir., 1964, 335 F.2d 114, 118.

Reversed and remanded with directions.