**Mardon R. WALKER, Appellant,**

v.

**STATE OF GEORGIA, Appellee.**

No. 26271.

United States Court of Appeals
Fifth Circuit.

Sept. 29, 1969.

**2**

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

J. Robert Sparks, Asst. Sol. Gen., Tony H. Hight, Asst. Dist. Atty., Lewis R. Slaton, Dist. Atty., Atlanta, Ga., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

TUTTLE, Circuit Judge:

This case and the case of Walker and Forman v. State of Georgia, 417 F.2d 5, decided today by this court, are consolidated appeals from the remand to the Superior Court of Fulton County, Georgia, of two removal petitions filed in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Section 1443(1) Title 28, U.S.C.A.[1] The precise issue before this court is whether the trial court applied an improper standard in ruling that the criminal prosecution under the Georgia riot, malicious mischief, and other offenses against public order statutes[2] were not removable to the United States District Court pursuant to Section 1443(1), although the movant alleged that the charges arose out of a peaceful attempt to obtain service at a racially segregated place of public accommodation.

Petitioner-appellant alleges in her petition for removal that the statutes under which she is charged as applied and used against her infringe upon and deny her her equal rights and access to places of public accommodations in violation of the specific grants of Title II of the Civil Rights Act of 1964; that the trying of said charges are attempts to "threaten, harass and intimidate" her and that petitioner is denied and/or cannot enforce in the courts of the state of Georgia rights under the law of the United States providing for the equal rights of citizens as guaranteed under Title II of the 1964 Civil Rights Act.

1. "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied *or* cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C.A. § 1443(1).

2. Ga.Code Ann. § 26-5302 (360 P.C.) "Riot—Any two or more persons who shall do an unlawful act of violence or any other act in a violent and tumultuous manner, shall be guilty of a riot and punished as for a misdemeanor. (Cobb, 811 Acts 1865-6 p. 233)."
Ga. Code Ann. § 26-8116 (781 P.C.)— "All other acts of malicious mischief— All other acts of wilful and malicious mischief, in the injuring or destroying any other public or private property not herein enumerated, shall be misdemeanors (Cobb, 825).
Ga. Code Ann. § 26-5501 (366 P.C.)— "Punishment. All other offenses against the public peace, not herein provided for, shall be misdemeanors. (Cobb, 813)."

Petitioner-appellant, Mardon R. Walker, was a white exchange student from Connecticut College attending Spelman College in Atlanta, Georgia. She was arrested with twelve other known individuals, on January 13, 1964, and charged with trespass as a result of her joint participation in an attempt to obtain service at the Krystal, a hamburger stand in Atlanta, which is covered by Title II of the 1964 Civil Rights Act. Miss Walker was tried and convicted of trespass under a Georgia statute enacted after the early effort of Negroes to obtain service at segregated restaurants; the period which is commonly referred to as the "sit-in movement." [3] She was sentenced to serve 18 months imprisonment and to pay a fine of $1,000—the maximum sentence for a misdemeanor in Georgia. She was later released on an appeal bond of $15,000 to be secured by unencumbered real property located in Fulton County, Georgia. This conviction and sentence were reversed by the United States Supreme Court on May 24, 1965, on the authority of Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). See Walker v. Georgia, 381 U.S. 355, 85 S.Ct. 1557, 14 L.Ed.2d 681 (1965). On November 25, 1965, some 22 months after the protest at the Krystal and after the Supreme Court mandate came down, Miss Walker was ordered to stand a new trial and was newly indicted for her role in the same sit-in at the Krystal upon an order initiated by a Fulton County Superior Court Judge directing the Solicitor General (now the district attorney) for the Atlanta Judicial Circuit to seek a grand jury indictment under the Georgia riot, malicious mischief and other offenses against public order statutes.

The petitioner-appellant removed this case to the United States District Court for the Northern District of Georgia; however, upon motion by the State of Georgia, the case was remanded to the Fulton County Superior Court.

On July 26, 1965, pursuant to the judgment of the Supreme Court of the United States, the Supreme Court of Georgia vacated the judgment affirming petitioner's trespass conviction and reversed the judgment of the Superior Court of Fulton County, Georgia. However, the trial court construed the order and judgment in remittitur to mean "simply one in which the conviction of defendant, Mardon R. Walker, under the original indictment had been set aside and reversed and the result was that the case stood for trial upon said indictment de novo in the Fulton County Superior Court." This position nursed back to life the state of Georgia's original trespass indictment No. 85,028. Therefore, the District Court had before it two indictments against Miss Walker —one, a violation of Georgia trespass statute and, two, a violation of Georgia's malicious mischief, riot and other offenses against public order statutes. Both of these indictments arose out of Miss Walker's attempt to obtain service at the Krystal on January 13, 1964.

The other individuals who participated in the attempt to obtain service at the Krystal were originally charged with violation of the Georgia trespass statute at the same time as Miss Walker on January 28, 1964. They were never indicted under either the Georgia riot, malicious mischief or other offenses against public order statutes. These cases were removed to the United States District Court for the Northern District of Georgia before they actually came to trial in Fulton County Superior Court and they were held in abeyance pending

3. Ga.Code Ann. § 26–3005—"*Refusal to leave premises of another when ordered to do so by owner or person in charge.*—It shall be unlawful for any person, who is on the premises of another, to refuse and fail to leave such premises when requested to do so by the owner or any person in charge of said premises or the agent or employer of such owner or such person in charge. Any person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished as for a misdemeanor." (Acts 1960, p. 142).

the outcome of Rachel v. Georgia, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.[4]

The district court held the only full evidentiary hearing on the merits of the petition for removal of Miss Walker's co-demonstrators who were charged under the Georgia trespass statute at the same time it heard the evidence against Miss Walker under the *trespass* and *other statutes* on September 28, 1967. As a result of this hearing, the court, in its order of April 2, 1968, found that all of Miss Walker's co-defendants, *as well as Miss Walker,* who were arrested on the *trespass* charges at the Krystal were requested to leave solely because of race. The court concluded that as a matter of law these cases were properly removable under Section 1443(1), Title 28, United States Code and dismissed the indictments with full prejudice. The No. 85,028 *trespass* indictment against Miss Walker which grew out of the demonstration at the Krystal was thus dismissed with full prejudice. However, the other charges were remanded to the state court.

It must be made plain that Miss Walker's *trespass* case, in support of which the state introduced all of its evidence, was held removable and it was dismissed, but her case charging the breach of the other statutes, *while not supported by any additional evidence,* was held not removable. In other words, the court held that whatever she did at the Krystal was solely peaceable and removable under *Rachel,* but the same acts *may* have been non-peaceable under some other statute. The court did not make a finding that she committed any such acts, but held the nature of the charge required that the state try her for them.

Miss Walker, in her joint attempt with the twelve other individuals, did nothing differently than the other individuals which would support the state of

Georgia's charges of malicious mischief, riot and violation of public order. There was no evidence submitted in the trial below even to suggest that Miss Walker's conduct was different from that of her co-demonstrators. In fact such conduct as could have been considered boisterous or a nuisance was clearly attributable to others and not to her. No definite act or acts could be attributed to Miss Walker.

██ The Georgia trespass statute has not been held to be per se unconstitutional by the United States Supreme Court. The Court only held that the statute could not be used to deny a person rights guaranteed by Title II of the 1964 Civil Rights Act. If a person came into a restaurant or any other place covered by Title II and began to do something other than that which Title II gave him the right to do—to be served, the owner of the restaurant could ask him to leave and Title II would be no defense against any action against him, including an action in trespass. As the Court stated in Georgia v. Rachel, supra, 384 U.S. at 807, 86 S.Ct. at 1800: "If service was denied for other reasons [other than race], no case for removal has been made out."

Therefore, when the district court found that all of the demonstrators including Miss Walker were being indicted under the Georgia *trespass* statute *solely* because of race or racial policies of the Krystal, the court necessarily by implication made a finding of fact that the demonstrators, including Miss Walker, did no acts for which the manager of the Krystal could legally ask them to leave.

It would, therefore, appear that the only reason why the charges against petitioner-appellant Walker for malicious mischief, riot and other offenses against public order were remanded was simply because they were not trespass

---

4. There was a total of 125 trespass cases arising out of attempts to obtain service at racially segregated restaurants in Atlanta being held in abeyance pending the outcome of Rachel. Only the case at bar and Walker and Forman v. Georgia were remanded to the state trial court. Also these are the only two cases which charged the defendants with charges other than violation of Georgia's trespass statute.

charges or "thinly veiled trespass charges." This is not the proper standard for determining if a state criminal prosecution is removable under § 1443 (1).

 The petition for removal is to be determined not by the appellation or euphemism of the charge but by what the movant was actually doing. As we held today in Forman v. Georgia, the right of removal of a state criminal prosecution has not been restricted by the Supreme Court to the small group of cases in which a state prosecution *for trespass* seeks to forbid the enjoyment of the right to equal accommodations guaranteed under Title II of the Civil Rights Act of 1964.[5] Whatley v. City of Vidalia, 5 Cir., 399 F.2d 521 (1965). See Wyche v. State of Louisiana, 5 Cir., 394 F.2d 927 (1967) (aggravated burglary), and Achtenberg et al. v. State of Mississippi et al., 5 Cir., 393 F.2d 468 (1968) (vagrancy). It is what the movant was *actually* doing with respect to the exercise of his statutory federally protected right, as determined in a hearing for remand, that controls and not the characterization given to the conduct in question by a state prosecutor, Wyche v. State of Louisiana, supra, 394 F.2d at 928. Georgia v. Rachel, 384 U.S. 807, 86 S.Ct. 1783. It is well settled that Section 1443(1) civil rights removal cases require a sufficient evidentiary hearing on the merits of the charges to determine whether the defendants are actually being prosecuted solely for peacefully attempting to gain equal access to places of public accommodations. A remand by the appellate court to the district court for such a hearing is the usual procedure where none has been held, Wyche v. Louisiana, supra, or when the hearing is found to have been inadequate. Walker v. Georgia, supra. But where there has been an adequate hearing and the undisputed facts show a valid case for removal, as here, the Court of Appeals has remanded with direction to dismiss the state prosecution, Achtenberg v. Mississippi, supra.

The district court held a full evidentiary hearing on the merits of the trespass charges, and found that the charges were without merit and based *solely* on race. Since the charges at issue here were based on the same set of facts and the same attempt to obtain service at the then racially segregated Krystal, as the trespass charges, we hold that the trial court's finding of fact under Miss Walker's trespass charges is sufficient to place this case in the Achtenberg category. There is no need to delay the ultimate disposition of the case by remanding it to the district court for a new hearing or any other determination. Therefore, the case is remanded to the district court with direction to dismiss the indictment with prejudice.

Reversed and remanded.

5. Senator Humphrey, floor manager of the Civil Rights Act of 1964, said, in explaining the Act, that "this plainly means that a defendant in a criminal trespass, *breaches of the peace or other similar* *cases can assert the right created by 201 and 202 and that state courts must entertain defenses grounded upon these provisions."* 110 Cong.Rec. 9767.