**CITY OF BATON ROUGE, Plaintiff-Appellee,**

v.

**Emmitt J. DOUGLAS, Defendant-Appellant.**

**No. 71-1056.**

United States Court of Appeals, Fifth Circuit.

July 9, 1971.

Murphy W. Bell, Baton Rouge, La., Margarett Ford, Jack Greenberg, Charles Stephen Ralston, New York City, for defendant-appellant.

Ernest R. Eldred, City Prosecutor, Joseph F. Keogh, Parish Atty., Baton Rouge, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

At issue on this appeal is the propriety of the district court's order remanding a criminal prosecution to the state court and denying removal of the prosecution under 28 U.S.C. § 1443(1).[1] We reverse the court's order with directions to hold an evidentiary hearing to determine whether removal is proper.

Emmitt J. Douglas, a member of the Negro race, alleges that he was arrested and charged with disturbing the peace solely because he attempted to exercise his civil rights [2] by seeking service in a public restaurant. In his affidavit before the district court Douglas states that on the evening of October 2, 1970, he, along with three other Negroes, entered the Rathskeller, an eating establishment in Baton Rouge, Louisiana. The manager of the restaurant advised Douglas and his party that they would not be served because they were not wearing coats in contravention of a restaurant requirement that all its patrons wear coats and ties. Douglas observed several white customers who were being served and who did not have on coats and ties and he also noticed one white man in particular who was without shoes. Suspecting that he was being refused service on account of his color, Douglas protested, but to no avail.

Douglas then telephoned the Baton Rouge city police and demanded their assistance in obtaining service at the restaurant. The police arrived and arrested Douglas for disorderly conduct, which Douglas says was only a pretext —the real reason for his arrest being the restaurant's illegal refusal to admit him for racial reasons.

On the other hand, the police officers state that Douglas was arrested because he became loud and boisterous, and that the arrest had nothing whatever to do with any alleged refusal by the Rathskeller to serve Douglas on account of race or color.

To gain removal into federal court a defendant must show that one of his federal civil rights cannot be enforced in the state courts. 28 U.S.C. § 1443(1). In Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, the Supreme Court held that such a showing is made when the defendant proves that a state prosecution resulted from his refusal to leave a place of public accommodation when asked to do so for racial reasons. In the instant appeal Douglas alleges that he was refused service at the Rathskeller because of his race and that when he declined to leave the premises he was arrested and prosecuted under a superficial charge of disorderly conduct. These allegations are clearly within the ambit of Georgia v. Rachel, supra, and the district court committed error in denying removal without first testing the validity of the assertions at an evidentiary hearing.

The district court's order is therefore reversed with instructions that the court hold a hearing to determine the validity of Mr. Douglas' allegations and whether removal is proper under Georgia v. Rachel, supra.

Reversed and remanded with directions.

---

1. 28 U.S.C. § 1443(1) provides for removal to federal district court of state criminal prosecutions

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States  *  *  *."

2. Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, prohibits discrimination on account of race in any place of public accommodation.