**John Bell WILLIAMS, Governor of the State of Mississippi, et al., Plaintiffs-Appellees,**

v.

**TRI–COUNTY COMMUNITY CENTER, Defendant-Appellant.**

No. 71–1372
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

**222**

Barry H. Powell, John L. Maxey, II, Community Services, Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant-appellant.

P. Roger Googe, Jr., Sp. Asst. Atty. Gen., William A. Allain, Asst. Atty. Gen., A. F. Summer, Atty. Gen. of Miss., Jackson, Miss., for plaintiffs-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Officials of the State of Mississippi filed in the courts of that state a quo warranto proceeding against Tri-County Community Center, a nonprofit Mississippi corporation, alleging that the corporation had exceeded its corporate powers and seeking to have its charter forfeited and its property placed in the hands of trustees. The defendant corporation sought to remove to the federal courts under 28 U.S.C. § 1443 (1970).[1] It alleges that it provides health services to poor people of Mississippi, mainly blacks, and that, despite a veto by the governor of Mississippi, is the recipient of a grant from the Office of Economic Opportunity, an agency within the Executive Office of the President, for the operation of a health center. Tri-County asserts that the quo warranto action is part of a pattern of harassment, intimidation, and coercion for the purpose of preventing the corporation from operating a health service program for the poor in Hinds County, Mississippi.

 The corporation contends that prosecution, per se, of the quo warranto action in state court denies it an "equal civil right" conferred by 18 U.S.C. § 245(b) (4) (A) (1970).[2] Arguably (b)

---

1. "§ 1443. Civil rights cases
 "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending :
 "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
 "(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."
 In Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the Supreme Court made clear that § 1443(1) had two requirements that must be met. Petitioners for removal must show that the right relied upon is one conferred by a law providing for specific civil rights stated in terms of racial equality and it is denied or cannot be enforced in state court. In the companion case of City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the court held that removal under § 1443(2) was available only to federal or state officers.

2. "(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—* * *
 "(4) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—
 "(A) participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1) (A) through (1) (E) or subparagraphs (2) (A) through (2) (F) * * * [shall be punished by fine or imprisonment]."
 Subparagraph (1) (E) refers to participation in or enjoyment of benefits of any program or activity receiving federal financial assistance.
 In its petition for removal appellant relied also on alleged "equal civil rights" conferred by 42 U.S.C. §§ 1981–83 (1970)

(4) may rise to the level of an "equal civil right," New York v. Horelick, 424 F.2d 697, 702 (2d Cir.), cert. denied, 398 U.S. 939, 90 S.Ct. 1839, 26 L.Ed.2d 273 (1970).[3] However, the language of subdivision (b), "Whoever * * * by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with," indicates that § 245(b) is aimed at disruptions or attempted disruptions by violent activity, "not the ordered functioning of state legal processes, whatever the motivation." *Id.* 424 F.2d at 703. Appellant has alleged no force or threats of force. Thus, even if we concluded that § 245(b) (4) (A) does confer an "equal civil right" within the meaning of the civil rights removal section, the actions of which Tri-County complains are not such as are within the ambit of § 245.

Nor are we able to say that this is one of the "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that these rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood v. Peacock, 384 U.S. 808, 827–828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944, 956–957 (1966).[4]

The District Court, 323 F.Supp. 286, correctly granted the motion to remand.

Affirmed.

and by the thirteenth and fourteenth amendments to the Constitution. No further reliance on these alleged rights has been brought to our attention at the appellate level, and we do not consider them.

3. § 245 is a criminal statute that in terms confers no rights. It prohibits and provides penalties for certain types of conduct relative to protected activities enumerated therein.

4. For examples of those rare situations *see* Georgia v. Rachel supra, footnote 1 (defendants charged under Georgia trespass statute for refusal to leave facilities of public accommodation when allegedly ordered to do so solely for racial reasons), and Whatley v. City of Vidalia, 399 F.2d 521 (5th Cir. 1968) (defend-

ants arrested while peacefully engaged in activity designed to encourage voter registration). In those cases defendants were acting under statutes that substitute rights for a crime and prohibit attempts to intimidate, threaten or coerce persons exercising those rights. Mere pendency of an action arising from the exercise of these preemptive federal rights was held to be a prohibited attempt to intimidate.

For a case similar to the present one and also found not to be a Georgia v. Rachel situation, *see* Sunflower County Colored Baptist Ass'n v. Trustees of Indianola Mun. Sep. Sch. Dist., 369 F.2d 795 (5th Cir. 1966) (eminent domain proceedings brought in state court against defendant whose land was being used by Mississippi civil rights group to conduct a freedom school).