Reverend John M. PERKINS et al.,
Petitioners-Appellants,

v.

STATE OF MISSISSIPPI, Respondent-
Appellee.

No. 30410.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1972.

Frank R. Parker, Constance Iona Slaughter, Lawrence D. Ross, Lawyers' Committee for Civil Rights Under Law, Jackson, Miss., for petitioners-appellants.

A. F. Summer, Atty. Gen., Ed Davis Noble Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLD-BERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM, and RONEY, Circuit Judges.

PER CURIAM:

Upon rehearing en banc, including briefs and oral argument, the judgment of the District Court is affirmed.[1]

BELL, Circuit Judge, with whom GEWIN, Circuit Judge, joins, specially concurring:

I agree that these criminal cases could not be removed under 28 U.S.C.A. § 1443 (1), as construed in Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

The removal statute is applicable to remove civil or criminal prosecutions from a state court where a person " . . . is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, . . . ". The key, as stated by the Supreme Court in Greenwood v. Peacock, is whether the law under which the right arises which is being denied or which cannot be enforced is one which provides for equal civil rights. The court stated, as an example, that the broad constitutional guaranties of the First Amendment are not embraced in the phrase "equal civil rights", nor were rights provided under Title 42, §§ 1971 or 1981. 384 U.S. at 825, 86 S.Ct. 1800. See also Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, where the court concluded that the phrase "equal civil rights" meant any law providing for specific civil rights stated in terms of racial equality, and excluded First Amendment and due process claims from the definition. 384 U.S. at 792, 86 S.Ct. 1783.

The subsequently enacted criminal statute here in question, 82 Stat. 73, codified as 18 U.S.C.A. § 245, is not a law providing for equal civil rights within the confines of § 1443(1) and Greenwood v. Peacock. Indeed, the statute makes this clear by its express terms. See 18 U.S.C.A. § 245(a).

It should be noted, however, that the Supreme Court was at pains in Greenwood v. Peacock to catalogue the other remedies available in the federal courts to redress wrongs which may be claimed by petitioners to have been suffered at the hands of state officials. This appeal is concerned only with the propriety of removal.

JOHN R. BROWN, Chief Judge, with whom WISDOM, GOLDBERG and AINSWORTH, Circuit Judges, join dissenting:

I

For the reasons set forth in my extended dissent to the panel's opinion

---

1. The panel opinion and dissent, Perkins v. Mississippi, are reported 455 F.2d 7.

It is especially noted that on this appeal the Court has before it and has decided only a question of removability.

For a most recent application of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, see Davis v. Superior Court of State of California, 9 Cir., 1972, 464 F.2d 1272.

Perkins v. Mississippi, 5 Cir., 1972, 455 F.2d 7, 11 to 61, I continue steadfastly in the belief that denial of a right of removal, 28 U.S.C.A. § 1443(1), cannot be justified.

## II

I am of the view that this serious question—never free from doubt as one attempts to match *Rachel* against *Peacock*—deserves an articulated discussion of the controlling principles. The panel opinion never discusses the appropriate standard—probable cause versus initiation and maintenance of the prosecution for the purpose of harassing or subjecting persons to state criminal sanctions for exercising rights and benefits guaranteed by the constitution or federal laws and stated in terms of race.

The number of post-*Peacock* cases we have had,[1] the difficulty at times of reconciling each of them, and the importance of the federal court being open to prevent, at the outset, the use of the State's awesome machinery as a means of discouraging the assertion of federally guaranteed rights (in terms of race), calls on this Court to expound fully what standards are to guide District Courts.

The panel's opinion, now embraced by the full Court, approaches it wholly as one of fact-findings under F.R.Civ.P. 52(a) without even so much as a mention of the standard to be applied.[2]

It is even worse that the only discussion of whether 18 U.S.C.A. § 245 confers a right or benefit *a la Rachel-Peacock* is virtually limited to the adoption of the results ordained by the Second and Third Circuits—in cases in no way related to the situation here where there is simply no basis for initiating or maintaining these Mississippi charges.[3]

## III

Implicit in the District Court's action, which is now affirmed by this Court, is the notion that 18 U.S.C.A. § 245 is not a statute which in the *Rachel-Peacock* sense confers benefits or rights in terms of race. The only possible reason ever asserted—but, curiously, not in the Court's decision—is that this is a criminal statute which *prohibits* acts, not guarantees rights.

Obviously, *Rachel-Peacock* did not speak in these rigid terms of criminal or civil sanctions. No one can look at the atmosphere in which § 245 and its re-

---

1. The Fifth Circuit has interpreted the scope of removal under § 1443 seventeen times in the wake of *Peacock* and *Rachel.* Eleven have allowed removal: Wyche v. Louisiana, 5 Cir., 1967, 394 F.2d 927; Orange v. Alabama, 5 Cir., 1967, 386 F.2d 829; Achtenberg v. Mississippi, 5 Cir., 1968, 393 F.2d 468; Griffin v. Louisiana, 5 Cir., 1968, 395 F.2d 991; Walker v. Georgia, 5 Cir., 1969, 405 F.2d 1191; Walker v. Georgia, 5 Cir., 1969, 417 F.2d 1; Walker & Forman v. Georgia, 5 Cir., 1969, 417 F.2d 5; City of Baton Rouge v. Douglas, 5 Cir., 1971, 446 F.2d 874; Whatley v. Vidalia, 5 Cir., 1968, 399 F. 2d 521; Thompson v. Brown, 5 Cir., 1970, 434 F.2d 1092; and Davis v. Alabama, 5 Cir., 1968, 399 F.2d 527 (Removed as to one defendant; remanded as to the other). The other six have denied the removal right: Hartfield v. Mississippi, 5 Cir., 1966, 363 F.2d 869; Sunflower County Colored Baptist Association v. Trustees of Indianola Municipal Separate School District, 5 Cir., 1966, 369 F.2d 795; Bass v. Mississippi,

5 Cir., 1967, 381 F.2d 692; SNCC v. Smith, 5 Cir., 1967, 382 F.2d 9; Sinclair v. Louisiana, 5 Cir., 1967, 384 F.2d 310; Williams v. Tri-County Community Center, 5 Cir., 1971, 452 F.2d 221.

2. Even as to the erroneous "probable cause" standard there is simply no basis for most of the charges—concealing a deadly brick, resisting arrest while surrounded with twelve officers in the safety of the bastille, shaving a subjugated subject's head and the like. See Appendices A and B to dissent, 455 F.2d 7, 59–61.

3. I recognize that some of the charges, e. g., the traffic charge against Huemmer, might pass muster, I speak here in terms of the manhandling of persons in a way that permits, if it does not compel, a finding that the actions of Mississippi authorities could be accounted for only as a reprisal for participating in the Mendenhall demonstrations or supporting those who did.

lated parts were enacted without sensing that the *whole* thrust was a strong, immediate, indignant congressional response to spectacularly violent outrages against Negroes.

I cannot believe that Congress had anything less in mind. That being so, removal was proper in the first instance on the positive allegations of the removal petition. It was therefore essential that the District Court then conduct an evidentiary hearing on the basis of proper legal standards to determine whether, as adequately alleged, any one or more or all of these prosecutions was initiated and maintained out of a purpose of reprisal for the efforts of Blacks and their supporters to challenge the racial discrimination in Mendenhall, Mississippi which, although a small rural community, was for the Constitution the whole of the United States of America.

AINSWORTH, Circuit Judge, with whom JOHN R. BROWN, Chief Judge, and WISDOM and GOLDBERG, Circuit Judges, join, dissenting:

In my view, these Mississippi state criminal prosecutions were properly removed to the federal court under the principles enunciated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), and the district court erred in remanding them for trial in state court.

Congress provided for the removal of such cases from state courts by the enactment of the civil rights removal statute, 28 U.S.C. § 1443. The Supreme Court held in *Rachel* that pending state criminal prosecutions were removable if petitioners were to be tried in state court solely as the result of peaceful efforts to exercise their rights under "any law providing for specific civil rights stated in terms of racial equality." 384 U.S. at 792, 86 S.Ct. at 1790.

Title I of the Civil Rights Act of 1968, 18 U.S.C. § 245, is such a law. Codified under the title "Federally Protected Activities," Section 245 provides broad protection against injury, intimidation or interference with enumerated civil rights, among which is the right to aid or encourage other persons to participate, "without discrimination on account of race, color, religion or national origin," in any of the benefits or activities set forth in the statute. [Section 245(b) (5).] That these federally protected rights are set forth in terms of prohibition against their interference, and that criminal sanctions are imposed for their violation, does not take them out of the *Rachel* rationale since they are nevertheless contained in a "law providing for specific civil rights stated in terms of racial equality." There is nothing in the Supreme Court's opinion in *Rachel* to indicate any limitation or restriction on removal because the law is accompanied by criminal penalties rather than civil remedies.

On the day they were arrested, petitioners had been engaging in peaceful mass meetings, demonstrations and marches in Mendenhall, Simpson County, Mississippi, in connection with a civil rights boycott and other protests to secure racial equality. These activities were federally protected against interference by 18 U.S.C. § 245(b). It is clear that the arrests of petitioners were racially motivated, pretextual, without evidence to support them, and the direct result of their participation in the Mendenhall civil rights activities. Under the circumstances, removal of these cases to federal court should have been sustained and their dismissal ordered.