Layton GRIFFIN, Jr., Fletcher Anderson
and Bruce Baines

v.

**STATE OF LOUISIANA.**

Crim. A. No. 30461.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 26, 1967.

Richard B. Sobol, New Orleans, La.,
Nils R. Douglas, Collins, Douglas & Elie,
New Orleans, La., for plaintiffs.

Woodrow W. Erwin, Dist. Atty., 22nd
Judicial District, Franklinton, La., for
defendant.

HEEBE, District Judge:

These petitioners are charged in three
separate indictments with three separate
and distinct crimes of attempted murder.
All three petitioners are named in each
indictment, and all three indictments
were returned by the same grand jury on
June 6, 1966. The prosecutions were
removed by these petitioners from the
Twenty-Second Judicial District of
Louisiana to this Court under the provi-
sions of 28 U.S.C.A. § 1443(1). The
State of Louisiana has moved for an or-
der remanding the case to the state court
on the grounds that removal is not au-
thorized by § 1443(1). Under 28 U.S.C.
A. § 1447(c) the Court must remand a
case if it appears that it was removed
improvidently and without jurisdiction;
and whether or not removal was author-
ized by § 1443(1), as alleged by peti-
tioners, is therefore the sole question

before the Court. Section 1443(1) provides in substance that:

A criminal prosecution commenced in a state court may be removed by the defendant to the appropriate United States District Court if such prosecution is against any person who is denied, or cannot enforce, in the courts of such state, a right under any law providing for the equal civil rights of United States citizens.

It is the express requirement of § 1443 (1) that in order to support removal the defendants must show both (1) that the right upon which they rely is a "right under any law providing for * * * equal civil rights," and (2) that they are "denied or cannot enforce that right" in the courts of the state. State of Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966).

Respondent, State of Louisiana, does not contest the fact that the rights relied on by these petitioners are "right[s] under any law providing for equal civil rights." It is clear to the Court also that none of the problems involved in Heymann v. State of Louisiana, 269 F.Supp. 36, also rendered today by this Court, are present in this case with respect to the requirement that "equal rights" be involved, and we find in this case ample support for removal with respect thereto.

We cannot, however, find support for removal under the second essential requirement of § 1443(1). Petitioners have failed to present to this Court, with the conclusiveness envisioned by the *Rachel* decision, the prediction that they have been or will be denied their rights in the courts of Louisiana.

■ The petitioners here are not so much concerned with testing the validity of this removal as they are with demanding a factual hearing in the matter; they assert strongly that they are at least entitled to the opportunity to prove the facts that they allege in their petition to the satisfaction of this Court. The Court cannot argue with that proposition as a general rule. However, it is apparent that all the factual allegations in the removal petition—even if true and proved to this Court beyond any doubt—would nevertheless not entitle these petitioners to maintain this removal. No evidentiary hearing need be had in this situation; petitioners simply have not alleged facts which, when proved, can support removal under § 1443(1). The removal petition is, on its face, defective.

■ In approaching questions of removal under § 1443(1), we are of course bound by the pronouncements of the Supreme Court in City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), and State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). Those cases require, in order to support removal under § 1443(1), not only proof by the petitioners for removal that their rights have been denied, but a showing by the petitioners that there is a firm prediction that those rights will be inevitably denied by each and every court of the state. We see no need to reiterate here all of the ramifications of the *Peacock* and *Rachel* cases nor the important considerations which forced the narrow holding of the court in those cases. We refer to our discussion at 13 Loyola Law Review 57 (1967), for a brief outline of those issues. The substance of the law as developed in *Greenwood* and *Rachel* is simply that (1) removal may be had only where the court can firmly predict that the petitioners' equal rights will inevitably be denied by each and every state court, and (2) such a prediction can only be made where the prosecution itself is fatally and obviously defective.[1] Petitioners admit the substance of that analysis to be correct. They propose, however, that there is in this case the basis—and they offer to prove that basis upon a factual hearing—for a firm prediction of the denial of their rights. In essence their position is that any denial of rights secured by § 201 of the Civil Rights Act of 1964 will provide the "firm

1. See 13 Loyola L.Rev. 57, 59–60 (1967).

prediction" required by *Rachel*; the contention is that it is always possible for a federal court to predict firmly that the state courts will deny to defendants rights accruing to them under the Civil Rights Act of 1964, for the reason that any prosecution for acts done pursuant to the Civil Rights Act of 1964 is fatally defective. Their conclusion is that any time a defendant alleges in his removal petition that a state prosecution is a disguised attack on his federal right to enter a place of public accommodation, then the federal court is required to hold a hearing to determine the truth of those allegations, and that if the court finds that the defendant was exercising a right under the Public Accommodations provisions of the Civil Rights Act of 1964 and that the prosecution is actually an attack on and a deprivation of that right, then the court must sustain removal. The hub of their thesis is the fact that the Civil Rights Act of 1964 contains what might be termed a "protection-from-prosecution provision." The provision contains quite definite language protecting those who refuse to obey an order to leave a place of public accommodation from being punished—or prosecuted—for such refusal. There is certainly a great deal of emphasis in *Rachel* on the existence of a protection-from-prosecution clause in the Civil Rights Act of 1964. However, as I have stated elsewhere,[2] this Court is not prepared to imply from the language in *Rachel* that removal is to be available for each and every prosecution aimed at a denial of rights under the Public Accommodations provisions of the 1964 Civil Rights Act.

■ Certainly any prosecution which is *expressly for* the exercise of an act which is actually a federal right under the Civil Rights Act of 1964, could, under *Rachel*, be removed pursuant to § 1443(1). Here, however, the prosecutions are for attempted murder, not for the exercise of a federal right. There is obviously no federal right to commit the crime of attempted murder. Petitioners argue, however, that because of the protection-from-prosecution clause in the Civil Rights Act of 1964, the prosecution need not be one expressly for the exercise of a federal right, but that the protection extends also to disguised prosecutions aimed at punishing those who exercise their federal rights under that Act and that removal under § 1443(1) is available in all such cases. This argument we reject. The *Rachel* decision certainly did not expressly hold that. In *Rachel* the prosecution was expressly for the crime of trespassing onto a place of public accommodation; the Civil Rights Act of 1964 specifically granted all citizens the right to "trespass" onto places of public accommodation; and therefore the prosecution in *Rachel* could well have been fatally defective, because the state prosecution was expressly a prosecution for an act which was a federal right in certain situations. To extend *Rachel* to cover the case of disguised prosecutions merely because of the existence of a so-called protection-from-prosecution provision in a particular act would be, it seems to us, totally against the grain of the *Rachel* and *Greenwood* decisions. Those decisions strikingly display the attitude of the Court toward § 1443(1) as quite narrow and restrictive, and the court makes it exceedingly clear that the basis for that attitude is one of the utmost practicality. The court in *Greenwood* devoted several pages of its opinion to the impact of the widespread use of removal hearings on the administration of the state criminal law. The court reasoned from a practical standpoint that if extensive factual hearings were to be necessary in each federal case on removal, merely to determine whether removal was proper, the workings of the state criminal processes would inevitably be delayed in countless cases, if not completely disrupted; and the court simply refused to believe that Congress could have had that intention in mind when it

2. Ibid. at p. 65 et seq.

enacted a law of the obviously limited scope of the civil rights removal statute. As *Greenwood* stated:

"The provisions of § 1443(1) do not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law." 384 U.S. 808, 831, 86 S.Ct. 1800, 1814.

The petitioners argue that the protection-from-prosecution clause is of the utmost importance here, and that its existence allows this Court to make the firm prediction that the petitioners' rights will be denied and to hold that this prosecution is fatally defective. The petitioners assert that to hold otherwise would be to reduce the *Rachel* decision to a complete absurdity; for to discount the importance of the protection-from-prosecution clause in the *Rachel* holding would be to allow state prosecutors to bypass *Rachel* merely by alleging violations of laws other than the crime of trespass. For instance, in this case, petitioners contend they are being prosecuted by the state for attempted murder merely because they chose to exercise their federal right to trespass onto a place of public accommodation. Petitioners contend that the state, in order to bypass *Rachel*, has harassed them by (figuratively speaking) striking the word "trespass" from their indictments and inserting the words "attempted murder." This Court however does not see the absurdity that the petitioners find in that distinction. It would seem to be a greater absurdity to place on a protection-from-prosecution clause the emphasis that the petitioners find in it. As Justice Douglas pointed out in his concurrence in *Rachel,* there is no real distinction between a particular federal right and an "ancillary right" not to be denied that right. "The equal civil rights of a citizen of the United States are 'denied' within the meaning of § 1443(1)

when he is prosecuted for asserting them." 384 U.S. 780, 806, 86 S.Ct. 1783, 1800 (1966). Certainly this must be true regardless of the existence or absence of a specific clause purporting to grant a right not to be prosecuted for assertion of such equal rights. To place undue emphasis on the protection-from-prosecution clause in *Rachel* would be to say that Congress, in providing for a right of individuals, would have to add the words "this right may not be denied" in order for removal to be accomplished under such a right. Certainly the *Rachel* case did not construe the Civil Rights Act of 1964 as having been motivated by a Congressional intent to provide for removal in cases under that Act. Obviously, if that is what Congress intended, they would have amended the removal statute.

Moreover, to hold that a protection-from-prosecution clause under *Rachel* obviates as a requirement for removal the necessity of a prosecution under a state law which makes a federal right a crime would be to open the door to the same removal hearings which *Rachel* so obviously sought to eliminate. In any case in which delay and dislocation of state criminal processes might be desired, the main thrust of *Rachel* might be evaded and removal accomplished merely by an allegation that the prosecution involved was a disguised attack on the exercise of rights under the Civil Rights Act of 1964. To determine the truth of those allegations extended factual hearings would have to be held by the federal courts—the very thing which *Rachel* and *Greenwood* attempted to avoid. This Court cannot accept the proposition that the Supreme Court, after utterly and completely demolishing the idea of removal hearings on factual issues for such strong reasons in all but the few cases in which a state law makes a federal right a crime, intended to open a wider door for such hearings—

with the mere allegation of a deprivation of rights under the Civil Rights Act of 1964 as a ready key—for anyone wishing to disrupt and delay state criminal prosecutions.

▮ It is the opinion of this Court that the protection-from-prosecution clause serves a very useful purpose to removal. In *Rachel* it served as an additional and supporting basis for the removal in that case of a prosecution expressly directed at the exercise of an act which was a federal right—the right to "trespass" onto a place of public accommodations. We do not think it absurd that the state can bypass *Rachel* merely by alleging a different crime. The state in such a case would only be placing on itself the extraordinary burden of having to prove something which simply cannot be proved, and exposing itself to a suit for unjust prosecution. Moreover, merely to determine whether or not, in this case for instance, the defendants are being prosecuted for attempted murder merely because they were exercising a federal right to "trespass" would involve a virtual trial of these petitioners for attempted murder. Should we then find that the petitioners did not commit the crime of attempted murder, removal would then be possible; but that kind of determination was simply not contemplated by the removal statute. If anything is clear from the *Rachel* and *Greenwood* opinions, that much should be. We cannot hold that the *Rachel* decision, which allowed for the removal of a prosecution specifically for the exercise of a federal right, can sanction here the removal of a prosecution for attempted murder.

Pursuant to the foregoing reasons, it is the order of the Court that this prosecution be, and the same is hereby, remanded for further proceedings in the Louisiana District Court for the Twenty-second Judicial District.