John **DAVIS** and Fronzie **Hazzard** et al., Appellants,

v.

**STATE OF ALABAMA**, Appellee.

No. 24265.

United States Court of Appeals Fifth Circuit.

Aug. 1, 1968.

Oscar W. Adams, Jr., Birmingham, Ala., Vernon Z. Crawford, Mobile, Ala., Melvyn H. Zarr, New York City, for appellants.

J. Massey Edgar, Dist. Atty., Butler, Ala., Leslie Hall, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before TUTTLE, THORNBERRY and GODBOLD, Circuit Judges.

PER CURIAM:

These are companion cases with Whatley v. City of Vidalia, 5 Cir., 399 F.2d 521, July 11, 1968, in that they were argued at the same sitting of the court and are controlled by what we have said in the Whatley case.

What is actually before the court here are two separate appeals—one by John Davis and the other by Fronzie Hazzard and twenty-five other persons, all seeking removal of state prosecutions to the Unit-

ed States District Court for the Southern District of Alabama. The trial court remanded the two cases on its own motion on October 4, 1966, "pursuant to the rulings in [State of] Georgia v. Rachel, 384 U.S. 780 [86 S.Ct. 1783, 16 L.Ed.2d 925] and [City of] Greenwood v. Peacock, 384 U.S. 808 [86 S.Ct. 1800, 16 L.Ed.2d 944]." This court granted stays of the remand order pending this appeal.

The Whatley case, just decided, is the third case in which this court has found a proper ground of removal under 28 U.S. C.A. § 1443(1), under circumstances which we felt made them fall somewhat between the Rachel decision of the Supreme Court, in which removal was granted, and the Peacock decision, in which the Court found that Section 1443 (1) did not apply. In each of the three cases, Wyche v. State of Louisiana, 5 Cir., 394 F.2d 927, and Achtenberg et al. v. State of Mississippi, et al., 5 Cir., 393 F.2d 468, and the Whatley case itself, we concluded that the petition for removal adequately stated grounds under Section 1443(1) consonant with the principle set down in Rachel, although the facts were somewhat different. Here, we come to a clear line of demarcation between the two cases in that we are compelled to hold that Davis did not allege a state of facts which, under the Supreme Court's rulings constitute a basis for removal under Section 1443(1), whereas the remaining twenty-six removal plaintiffs did make adequate allegations.

■ In effect Davis, in his removal petition, alleges that he was charged by the State of Alabama with the offenses of disorderly conduct and failing to obey the command of a law enforcement officer. He alleged in his petition that the arrest and prosecution were being carried on with the sole purpose and effect of harassing the petitioner and of punishing him and others for, and deterring him and others from, exercising their constitutionally protected rights of free speech and assembly and for urging Negroes to register for voting free of racial discrimination. He particularly invoked, in addition to the provisions of

the Constitution, which the Supreme Court said are inadequate for the purpose of removal under Section 1443(1), 42 U.S.C.A. § 1971, the long standing Civil Rights statutes, Sections 1983 and 1985, which the Supreme Court held did not meet the standards required for removal under 1443(1).

As we pointed out in the Whatley opinion, Section 1971(b) contains a prohibition by any person, whether acting under color of law or otherwise, from intimidating, threatening, coercing or attempting to intimidate, threaten or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose. It did not include the prohibition, later enacted and appearing in Section 1973i(b) against intimidating, threatening or coercing any person "for urging or aiding any person to vote or attempt to vote." As shown by his removal petition, Davis was not attempting to vote or to register himself at the time of his arrest. He alleges that he was undertaking to assist or aid others in doing so. Thus, there was no explicit prohibition by a federal statute against the intimidation, threat or coercion which Davis contends was the basis of his arrest. Lacking such explicit federal statute prohibiting such intimidation or threat or coercion, Davis' case thus falls squarely within the provisions of the Peacock case, in which the Supreme Court held removal from the state criminal court was not warranted.

■ With respect to the remaining twenty six appellants, however, things stand differently, for they explicitly allege that they were engaged in the process of registering at the time of the occurrence which became the basis of the alleged perjury charges brought against them by the state authorities and they charge, in their removal petitions, explicitly that their prosecution was "for the purpose of harassing and intimidating them in the exercise of rights and privileges granted by the Constitution and laws of the United States, and that there was no basis in fact for said charges of perjury." The statute itself

provides that registration is comprehended within the general term of "voting" for the purposes of the statute.

Thus stated, it is clear that in the Hazzard case they asserted, as grounds for removal, Section 1971, both as the "law providing for the equal civil rights for the citizens of the United States," and for the law comparable to the public accommodations laws' prohibition against prosecution, which the Court, in Rachel, found adequate to support the removal petition. These cases differ from Peacock in that the movants in Peacock did not "invoke" Section 1971i(b) as a basis for supporting their removal petition.[1] This makes it an exception to the Peacock rule.

Here, it is clear that the movants did invoke it. The manner in which they invoked the prohibitory language of Section 1971 is by asserting in their removal petition: "Also, the prosecutions result in the denial of the petitioners' equal right to register to vote, and *to be free from interference in seeking to to register to vote, all protected by* the Fifteenth Amendment to the Constitution, 42 U.S.C. § 1971, and the Voting Rights Act of 1965." (Emphasis added.) We conclude that the allegation that the prosecutions amounted to an interference prohibited by Section 1971, is an adequate allegation of the prohibitory provisions of that Section to make applicable here the ruling which we have adopted in the Whatley case.

In the Davis case the judgment must be affirmed under the authority of City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944.

In the case of Fronzie Hazzard, et al, the judgment of the trial court is reversed and the case is remanded for a hearing in the district court, at which it will be the duty of the court to ascertain the truth of the allegations in the petitions for removal to the effect that the prosecutions against these movants were, as alleged, for the prohibited purpose of "harassing and intimidating" them in the exercise of their rights to register to vote.

---

1. In its opinion the Supreme Court said, "The fundamental claim in this case, then, is that a case for removal is made under § 1443(1) upon a petition alleging: (1) that the defendants were arrested by state officers and charged with various offenses under state law because they were Negroes or because they were engaged in helping Negroes assert their rights under federal equal civil rights laws, and that they are completely innocent of the charges against them, or (2) that the defendants will be unable to obtain a fair trial in a state court."