**Fred L. SHUTTLESWORTH, Appellant,**

v.

**CITY OF BIRMINGHAM, Appellee.**

No. 23840.

United States Court of Appeals
Fifth Circuit.

Aug. 12, 1968.

---

**530**

Peter A. Hall, Birmingham, Ala., James M. Nabrit, III, Melvyn Zarr, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for appellant.

Earl McBee, Birmingham, Ala., for appellee.

Before TUTTLE, THORNBERRY and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

·Five times the Rev. Fred Shuttlesworth has been an appellant in the United States Supreme Court, some of the cases coming from federal courts and some from state courts.[1]

This case was argued and submitted to the court along with a group of cases which involved the right of removal of civil rights cases under 28 U.S.C.A. § 1443(1), and we have held it until the last because of our concern for developing a proper line of demarcation between the precise holding of the Supreme Court in the two cases of State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. These cases have now all been decided in a manner in which this Court has found that grounds of removal may be alleged successfully which do not fit precisely within the fact situation of Georgia v. Rachel. They are Wyche v. State of Louisiana, 5 Cir., 394 F.2d 927; Achtenberg v. State of Mississippi (5 Cir.) 393 F.2d 468; Whatley v. City of Vidalia, 5 Cir., 399 F.2d 521, decided July 11, 1968 and Davis and Hazzard v. State of Alabama, 5 Cir., 399 F.2d 527 dec. August 1, 1968.

The facts of this case are outlined in the Supreme Court opinion in Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176. They involve a prosecution of this Birmingham Negro minister for ₒviolating Section 1142 of the Alabama Statute, which makes it an offense "to 'so stand, loiter or walk upon any street or sidewalk * * * as to obstruct free passage over, on or along said street or sidewalk,' " and also makes it "unlawful for any person to stand or loiter upon any street or sidewalk * * * after having been requested by any police officer to move on." After Shuttlesworth's conviction under this statute, the Court of Appeals of Alabama, in a subsequent case, Middlebrooks v. City of Birmingham, 42 Ala.

1. Shuttlesworth v. City of Birmingham, 368 U.S. 959, 82 S.Ct. 403, 7 L.Ed.2d 390 (1962); In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962); Shuttlesworth v. City of Birmingham, 373 U.S. 262, 83 S.Ct. 1130, 10 L.Ed.2d 335 (1963); Shuttlesworth v. City of Birmingham, 376 U.S. 339, 84 S.Ct. 795, 11 L.Ed.2d 766 (1964); Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1963).

App. 525, 527, 170 So.2d 424, 426, held that the ordinance was restricted in the following manner: It "is directed at obstructing the free passage over, on or along a street or sidewalk by the manner in which the person accused stands, loiters or walks thereupon. Our decisions make it clear that *the mere refusal to move on after a police officer's requesting that a person standing or loitering should do so is not enough to support the offense * * * That there must also be a showing of the accused's blocking free passage * * *."* (Emphasis added.)

We have carefully read the record at the trial court which resulted in Shuttlesworth's conviction in the Circuit Court of Jefferson County, Alabama, where, after trial without a jury, he was found guilty and sentenced to imprisonment for *six months at hard labor, and an additional 61 days at hard labor in default of a $100 fine and costs.* The conviction was affirmed by the Alabama Court of Appeals, 42 Ala.App. 296, 161 So.2d 796, and the Supreme Court of Alabama declined review, 276 Ala. 707, 161 So.2d 799. Certiorari was granted, 380 U.S. 905, 85 S.Ct. 881, 13 L.Ed.2d 793, and the Supreme Court, finding that the statute, on its face, was too broad, and that the subsequent narrowing of the statute in the Middlebrooks case was not a construction that was available to the trial court upon the time of Shuttlesworth's conviction, vacated the judgment of conviction and remanded the case to the state courts of Alabama for trial.

One day before the new trial was set, an effort to convict the Reverend Shuttlesworth for his one-man blocking of the sidewalks of City of Birmingham, he removed his case to the District Court for the Northern District of Alabama. The trial court remanded it upon motion, and that order of remand has been appealed to us for review.

Before discussing the precise limitations upon the right to remove under the Civil Rights Removal Section, 28 U.S.C. A. § 1443(1), we think it appropriate to outline the facts which brought about the conviction, *as testified to by the state's witnesses.* We do this because Shuttlesworth's claim for removal is based upon a somewhat novel theory, which he says is not ruled out by the Supreme Court's decisions in State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, or City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. This ground is that the case falls strictly within the principle of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed. 2d 654, "The Shuffling Sam" decision, in which the Supreme Court reversed a conviction because there was absolutely no basis for a conviction for disorderly conduct in the nature of the innocent foot-tapping by citizen Thompson in the City of Louisville.

The record here shows without dispute that the state's only eye witnesses to the arrest, two Birmingham policemen, testified positively that Shuttlesworth was one of a group of eight to twelve Negroes who were standing in front of a department store on the sidewalks in the city of Birmingham, and that in that connection they "blocked" *one-half* of the sidewalk; that some persons walked in the street to pass by; that upon the approach of the police requesting that they move, all of the group, with the single exception of Shuttlesworth, started to move away, thus, clearly "unblocking" even the one-half of the sidewalk that was previously denied to ordinary pedestrian traffic. This left only Shuttlesworth standing by himself. He was told to move also; whereupon Shuttlesworth asked the police officer, "You mean to say we can't stand here on the sidewalk?" Then, after a third request to move on, he replied "Do you mean to tell me we can't stand here in front of this store?" By this time everybody in the group but Shuttlesworth had begun to walk away, and Patrolman Byers told him he was under arrest. Shuttlesworth then responded, "Well, I will go into the store," and walked into the entrance of the adjacent department store. See

Shuttlesworth v. City of Birmingham, supra, 382 U.S. 87, 89, 86 S.Ct. 211, 15 L.Ed.2d 176. Byers then followed and took him into custody just inside the store's entrance.

Although there is evidence that the whole group did take up one-half of the sidewalk at the particular point where they were standing, there is not one word of evidence by the only persons who were present to see it that Shuttlesworth either "stood" or "loitered" on the sidewalk by himself after the others left in the manner that blocked free passage of the sidewalk. Bearing in mind the Alabama court's definition that "there must also be a showing of the accused's blocking free passage," no person testified that this occurred in Shuttlesworth's case. In fact, he complied with the request of the police officer finally after asking a simple question by saying that he would go inside the store and it was there that he was arrested.

The difficulty with Shuttlesworth's contention that this entitles him to have his case removed to the District Court under Section 1443(1) is that he does not allege that he was "denied or [could not] enforce in the courts of such state a right *under any law providing for the equal civil rights of the citizens of the United States*" under the definition of a law providing for "equal civil rights" announced by the Supreme Court in City of Greenwood v. Peacock, 384 U.S. 808 at 825, 86 S.Ct. 1800, 16 L. Ed.2d 944. The right that Shuttlesworth had to be free from prosecution for standing on the streets of Birmingham in a manner that was not violative of any valid statute of the state or ordinance of the city was not a right that is given him under a specific federal statute providing for "equal civil rights." The court expressly held that those rights that inhere in every citizen by virtue of the Federal Constitution are not rights "arising under a law providing for 'equal civil rights' within the meaning of 1443(1)."

Under the announced principle of the Greenwood case, the denial of the right of a litigant to remove such a case to the District Court for trial contemplates that the state courts of Alabama will properly interpret and apply the constitutional rights of this appellant and that if, in fact, no crime was committed, the state court will so hold. If, to the contrary, he should not prevail and he then considers himself illegally convicted, he will then have the right to proceed to the appellate courts of Alabama, or the Supreme Court again, to obtain an ultimate conclusion and determination of the correctness of the state's charge against him.

The judgment of the trial court remanding the case to the Circuit Court is affirmed.