**Elijah White RATCLIFF, Petitioner,**

**v.**

**The STATE OF TEXAS, Respondent.**

**Cr. No. 69-H-44.**

United States District Court
S. D. Texas,
Houston Division.

March 14, 1969.

Elijah White Ratcliff, Livingston, Tex., pro se.

No appearance for State of Texas.

INGRAHAM, District Judge.

*Memorandum and Order:*

The petitioner, a Negro attorney acting in his own behalf, seeks to remove

to this court the criminal case pending against him in the County Court of Polk County, Texas, pursuant to 28 U.S.C. §§ 1443, 1446. From the petition it appears that on the night of December 28, 1968, while in the company of two other Negro companions, petitioner was arrested by two Texas Highway Patrolmen and charged with the unlawful possession of a pistol.[1] Petitioner has not been served with a copy of the information charging the offense in question, but under Article 25.04 (Tex.Code Crim.P.) this is not necessary. There can be no doubt, however, about the fact that criminal proceedings have been instituted against the petitioner since he received a letter from the County Judge of Polk County notifying him that his case had been set for trial on February 11, 1969.

Section 1443, Title 28, U.S.C., provides as follows:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

At the outset it should be noted that Section 1443(2) is inapplicable in this case and that the only question to be decided is whether Section 1443(1) au-

thorizes the removal of the instant case. With regard to Section 1443(2), in City of Greenwood v. Peacock, 384 U.S. 808, 815, 86 S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1966), the Supreme Court held:

"(W)e have concluded that the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties."

It does not appear that petitioner is a "federal officer" nor does he allege that he was assisting such an officer at the time of his arrest.[2]

██ A flurry of recent decisions involving Section 1443(1) have now made it clear that a criminal prosecution cannot be removed from the state to the federal court unless two preliminary requirements are satisfied. The petition must allege: (1) That the right upon which the petitioner relies is a "right under a law providing for the equal civil rights"; and, (2) That he is "denied or cannot enforce" his equal rights in the state court. Georgia v. Rachel, 384 U.S. 780, 788-794, 86 S.Ct. 1783, 16 L.Ed. 2d 925 (1966); Whatley v. City of Vidalia, 399 F.2d 521, 524 (5 CA 1968). The first requirement is of particular importance in the instant case and it is to this requirement that we must now turn our attention.

██ In order to satisfy the first requirement, the petition must allege that the petitioner is being prosecuted for activity which is expressly protected by a "law providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, supra, 384 U.S. at 792, 86 S.Ct. at 1790. In other words, the

---

1. Article 483 (Tex.Pen.Code, 1968 supp.) makes the carrying of a pistol a misdemeanor (except when carried where alcoholic beverages are sold, served or consumed) and provides for a fine of not less than $100 nor more than $500 or confinement in jail for not less than one month nor more than one year.

2. Petitioner does allege that he is admitted to practice before the United States District Court for the Southern District of Texas. Obviously, the fact that petitioner is admitted to practice before this court does not give him the status of a "federal officer" within the meaning of Section 1443(2).

petitioner must "invoke"[3] a civil rights statute which either allows or else prohibits prosecution of conduct conterminous with the conduct made the basis of the arrest. Moreover, the Peacock case teaches that an invocation of a constitutional right which inheres in every citizen regardless of his color is not sufficient for the purposes of Section 1443 (1). Accord, Shuttlesworth v. City of Birmingham, 399 F.2d 529 (5 CA 1968).[4] Finally, petitioner's generalized allegations that the officers of the court wherein he is charged and the patrolmen who arrested him are racially prejudiced is equally unavailing since, as stated in Peacock, "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial." Id., 384 U.S. at 828, 86 S.Ct. at 1812.

 In the case sub judice the petitioner has not, and indeed cannot, "invoke" any civil rights statute which explicitly immunizes the carrying of a pistol from prosecution by the state authorities. On the basis of the principles discussed above, it follows that the petitioner has failed to allege grounds which are sufficient to justify removal of his case under Section 1443(1). Having concluded that the petition's allegations are deficient on their face, it is, of course, unnecessary to conduct a hearing to determine whether the allegations are true.[5]

For the foregoing reasons and pursuant to Section 1447(c), Title 28, U.S.C., the petition for removal is denied, and the cause is remanded to the County Court of Polk County, Texas, for appropriate disposition.

3. Whatley v. City of Vidalia, supra, at 526.

4. In this removal petition, Ratcliff states: "(T)he conduct of Petitioner which led to his arrest was under color of authority of his valid Texas Operator's Driver License (sic) and Article II of the Amendments to the Constitution * * *" (sic)

True copies hereof will be forwarded by the clerk to the petitioner and to the Clerk of the County Court of Polk County, Texas.

5. City of Greenwood v. Peacock, supra; Griffin v. Louisiana, 269 F.Supp. 32 (E. D.La.1967). Cf. Walker v. Georgia, 405 F.2d 1191 (5 CA, January 3, 1969); Achtenberg v. Mississippi, 393 F.2d 468 (5 CA 1968).