## STATE OF GEORGIA

v.

**Charles LINDSEY, Curtis Brown, Eugene Jackson, Tyrone Reese, Gary Byron and Henry Lewis Brown.**

Crim. No. 26139.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 12, 1970.

Marvin A. Miller, Asst. Dist. Atty., Jonesboro, Ga., for plaintiff.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for defendants.

## SUPPLEMENTAL OPINION

EDENFIELD, District Judge.

Because of petitioners' allegations that their arrests occurred while attempting peacefully to use the facilities at Lake Spivey, Clayton County, Georgia, a place of public accommodation within Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, this court held an extensive evidentiary hearing to determine if removal of the criminal

---

cases against them in state court was proper, under 28 U.S.C. § 1443(1) and the applicable case law cited in our earlier opinion, 306 F.Supp. 910.

The court heard testimony from the arresting officers on the scene at Lake Spivey, from the petitioners, and from an eyewitness. The evidence conclusively indicates to the court that petitioners were not arrested for exercising their rights under Title II of the Civil Rights Act—rights which this court is deeply cognizant were so long in coming and are so important to preserve inviolate.

A significant percentage of the patrons at Lake Spivey were then and continued to be Negroes. Since passage of the Civil Rights Act, desegregation has taken place easily, peacefully, and absolutely without incident. The percentage of Negroes using the Lake has seemingly increased each year. Negroes are welcome at the Lake and nothing is done, either directly or by indirection, to discourage their use of the facilities. On the day of the arrests in the instant action, July 4, 1969, somewhere around 40% to 50% of the customers in attendance were estimated to be Negroes. None of the petitioners, nor any other witness, stated that they were presented with the slightest bit of difficulty in entering the Lake area, upon payment of the admission fee. The arrests arose out of a fracas involving members of both races, a fracas which occurred long after petitioners entered the Lake area and used its facilities. The police testified that they also attempted to arrest a white man involved in the disturbance, which occurred close to 8:00 P.M., but were unable to apprehend him, despite their best efforts. It is undisputed that while the gathering crowd seemed to form into two opposing groups, those groups were each themselves racially mixed. No racial epithets were used by the police. The police did no more than arrest those who were causing a disturbance. Even taking the petitioners' own testimony by itself, there is nothing to indicate the arrests were made to punish them for their use of Lake Spivey. The factual situation in the instant case is entirely different from that in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). There is absolutely no basis in the instant action for any belief that a crime has been substituted for a right nor is there any causal relation between the exercise of petitioners' rights and their arrests. Thus, there is no reason to believe that the defendants will be denied or be unable to enforce a federally protected right in the Clayton County courts. For the reasons set out above, petitioners' motion for removal is denied and their cases are remanded to the state court from whence they came.