Bennie G. **THOMPSON** et al.,
Petitioners-Appellants,

v.

William C. **BROWN** et al., Respondents-Appellees.

No. 29087.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1970.

Frank R. Parker, Martha M. Wood, Jackson, Miss., for petitioners-appellants.

Joe G. Moss, William W. Ferguson, Raymond, Miss., for respondents-appellees.

Before TUTTLE, BELL and GOLDBERG, Circuit Judges.

TUTTLE, Circuit Judge:

This court is called upon, once again, to determine whether a case, this time a civil, rather than a criminal case, is removable from the state courts to the federal district court under the Civil Rights Removal Statute, 28 U.S.C.A. § 1443,[1] which authorizes removal of any "civil action" against any "person who is denied or cannot enforce in the courts of [the] State a *right under any law* providing for the equal civil rights of citizens." (Emphasis added.)

What the appellants sought to have removed here was an election contest commenced against them (three black successful candidates) following a democratic party primary election for aldermen of the town of Bolton, Mississippi, held on May 13, 1969, by three white candidates who were defeated in the primary.

Such contest proceeding is provided for by Section 3143 of the Mississippi Code, which, in effect, requires the Chief Justice of the Mississippi Supreme Court to appoint a circuit judge of a different circuit from that in which the election was held, who, together with the five county election commissioners would constitute a judicial tribunal[2] to hear and decide the contest. A circuit judge was appointed; the tribunal was thus created, and thereupon the respondents in the contest action removed the case to the district court.

Their removal petition alleged the facts concerning the holding of the pri-

1. We deal here with paragraph (1) of the Section which provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;"

2. The respondents do not contend that the peculiar nature of this proceeding, as distinguished from an ordinary "civil action * * * commenced in a state court," prevents it from being removable. This being a contest presided over by a circuit judge, sitting in his official judicial capacity, it clearly falls within the terms of the statute as a "civil action."

mary election on May 13th: the fact that they were certified by the appropriate party executive committee as the successful candidates; that the general election was subsequently held on June 3rd; and that movants were duly *elected at that election* [3]; that thereafter the contestants Brown and Manning filed this election contest, to the primary, in the state court.

The removal petition asserts as a ground for removal under Section 1443(1) the contention that, as a matter of law, the movants came within the definition of persons entitled to removal because they are "denied" and "cannot enforce" in the state courts a "right," i. e. the right to have any step in the voting processes in Mississippi remain without change unless such change has been approved by the attorney general of the United States or by a three-judge court of the District of Columbia—a "right under [a] law providing for the equal civil rights of citizens  *  *  *  "—the federal law being Section 5 of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973c.

The removal petition alleged additionally that the movants' rights were to be determined under the state statute by a tribunal, five members of which must be freeholders, that such a tribunal was constituted by a statute which was unconstitutional on its face, and that com-

pelling movants to submit their election claims to such a tribunal was harassment and itself the "denial" of the right they were guaranteed—the right to be free of such harassment by Section 203(c) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000a–2.[4]

The petition alleged other grounds which we find it unnecessary to recite in light of the disposition which we make of the case.

The respondents moved the United States court to remand the case as improvidently removed. Without holding an evidentiary hearing, the trial court entered an order of remand, acting apparently on the theory that the movants for removal were simply challenging the fairness or ability of the state court properly to decide the case. The trial court stated:

"The petition is replete with conclusionary statements of material fact substantially in the language of opinions or statutes, but having no ultimate factual basis. The petition on its face shows that the rights sought to be protected are not federally created rights, but are all rights with remedies under a state statutory scheme for the enjoyment thereof. This is not a Voting Rights case in any respect.

"The United States District Court is a court of limited jurisdiction. All

---

**3.** It appears from the contest papers that were, of course, removed as the pleadings in the state action, that the white contestants filed their contest with the committee between the primary on May 13th and the election on June 3rd—to-wit, on May 29th; that the committee did not act on it, and that, following the election, they filed the present contest in the state court, challenging not the results of conduct of the *election*, but challenging the *conduct of the primary*. Although Mississippi law permits a challenge to the election itself, *no challenge has ever been made of the election itself, either on the ground that the candidates were illegally chosen; that they were under challenge; or on any other ground.*

**4.** It is movants' contention that the term "voting" as used in this section compre-

hends any act having to do with the counting or recording of votes, and thus includes conducting an election contest. See 42 U.S.C.A. § 1973*l* (c) (1), which provides:

"[S]hall include all action necessary to make a vote effective in any primary, special, or general election, including, but not limited to, registration, listing  *  *  *  or other action required by law prerequisite to voting, casting a ballot, and having such ballot counted properly and included in the appropriate totals of votes cast with respect to candidates for public or party office and propositions for which votes are received in an election." § 14(c) (1), 42 U.S. C.A. § 1973*l* (c) (1).

reasonable doubts of jurisdiction here must be resolved against its jurisdiction. There is no ultimate fact stated in the petition (as amended) to disparage the good faith of the respondents in the institution of their action to review or contest this election for alderman of the town of Bolton. The petitioners desperately seek with the usual cliches to have this Court assume jurisdiction of this matter upon untenable and violent assumptions that the state court will not observe the law, and dispose of the case with due regard to the vested right of all of the litigants. Undeniably, this case could not have been initially instituted in this Court."

█ It is, of course, patently clear that no defendant is given the right by Section 1443 to remove state litigation to the federal court simply because of an apprehension that the state court will not afford him justice. The limits of the right of removal under this particular civil rights removal statute have been carefully delineated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. Areas left unexplored by these cases have been examined by this court and some breadth has been added to what was initially thought to be the narrow class of cases found to be removable by the Court in *Peacock*.

In Whatley v. City of Vidalia, 5 Cir., 1968, 399 F.2d 521, this court expressly determined that the Voting Rights Act granted "rights" which may be protected by this removal statute; that is to say, we have held that this Act falls within the terms "law providing for equal civil rights." This court's decision in Davis v. State of Alabama, 5 Cir., 1968, 399 F.2d 527, stands for the same principle.

We thus have, so far as relates to the removability of this case, only the next question: Is the proceeding in the state court one which "denies" or prevents "enforce[ment] in the courts of" Mississippi the rights thus granted.

Most, if not all of the cases removed or sought to be removed under Section 1443 are criminal cases. This is natural, because it most frequently happens that a state prosecution of an individual who claims he is doing what a federal statute guarantees him the right to do affords the clearest indication that he is being "denied" or that he "cannot enforce" the federal right in the state court—for the very prosecution is prohibited by the federal statute. See Georgia v. Rachel, *supra*.

█ However the denial of an individual's "equal civil rights" can, of course, result from civil as well as criminal procedures in a state court. Here, the Voting Rights Act prohibits such acts as amount to harassment of an individual in pursuing his rights to vote or participate in an election. We have no difficulty in arriving at the conclusion that requiring these appellants to sustain their right to their primary victory apparently achieved at the polls before an illegally constituted tribunal would amount to such harassment as is forbidden by the Act.

█ Nor do we have any difficulty in determining that the tribunal set up by the state law is illegally constituted. The Supreme Court has given an extremely broad construction to Section 5 of the Voting Rights Act. Here the composition of the tribunal was changed by the state legislature without any attempt at compliance with the requirements already discussed. The Court in Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969) said:

"The legislative history on the whole supports the view that Congress intended to reach any state enactment which altered the election law of a covered State in even a minor way." 393 U.S. at 566, 89 S.Ct. at 832.

Thus, it is clear that the contest to which these appellants were to be subjected would have been before an illegal-

ly constituted tribunal. They would be denied rights guaranteed them by positive federal civil rights acts had the contest been left in the state forum. It is no answer to say that the tribunal itself might have disregarded the illegal provisions of the statute and reconstituted itself and provided without reference to them. The Supreme Court stated in one of the first removal cases reported under this section:

> "When a statute of the State denies his right, or interposes a bar to his enforcing it, in the judicial tribunals, the *presumption is fair that they will be controlled by it in their decision;* and in such a case a defendant may affirm on oath what is necessary for removal." Virginia v. Rives, 100 U.S. 313, 321, 25 L.Ed. 667 (Emphasis added.)

The Court also said that the statute is directed:

> "primarily, if not exclusively, [to] a denial of such rights, or an inability to enforce them, resulting from the Constitution or *laws of the State,* rather than a denial first made manifest at the trial of the case." 100 U. S. at 319, 25 L.Ed. 667 (Emphasis added.)

■ We conclude that the trial court erred in entering its order for remand.

In the usual case this would require that the case be remanded to the trial court, there to be tried on its merits—that is to say the contest would be tried under valid state law in the federal court. See Davis v. Alabama, *supra.*

Here, however, our determination that the case should have been retained in the district court requires us to note a fact that demands a different disposition of it.

■ Upon argument of the case counsel agreed that the Mississippi laws make provision for contesting general elections. Bearing in mind the fact that this was merely a contest of a *primary,*

challenging the right of appellants to appear on the election ballot as candidates, and that *no contest was filed after the election* at which the appellants were chosen by the voters, the court asked counsel whether they could find any authorities to show why the primary contest—the litigation here sought to be removed—has not been mooted by the uncontested general election. They were not able to find any. Nor have we. It is plain that the appellants have been serving for more than a year as aldermen under an election which was not contested. Any question touching on their qualifications to run in the election has been mooted for the failure of the appellees or anyone else to challenge the election results.

The order of the trial court is reversed. The case is remanded to the trial court to vacate the order of Remand to the state court and to enter an order dismissing the contest as moot.