**Nathaniel KENNEDY, Petitioner,**

v.

**STATE OF WISCONSIN, Respondent.**

**No. 73-C-92.**

United States District Court, E. D. Wisconsin.

March 21, 1974.

Orville E. Pitts, Milwaukee, Wis., for petitioner.

E. Michael McCann, Dist. Atty., by Francis J. Slattery, Asst. Dist. Atty., Milwaukee, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The state seeks an order remanding this criminal prosecution to the state

---

court branch to which it was originally assigned by lot, and from which the defendant, Nathaniel Kennedy, petitioned this court for removal.

 Mr. Kennedy is charged with obstructing an officer, endangering that officer's safety by conduct regardless of life, and possession of marijuana. He claims that the judge to which his case was assigned is ."racially prejudiced" and "pro-police"; removal is required, according to Mr. Kennedy, in order to protect his sixth and fourteenth amendment rights to a fair trial.

I conclude that this case should be remanded for several reasons. First, the removal of a criminal prosecution is restricted by 28 U.S.C. § 1443 to those situations where it is required in order to protect a right that is given to the defendant under a specific federal statute providing for "equal civil rights." See State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). In *Rachel* and *Peacock*, the United States Supreme Court expressly held that those rights that inhere in every citizen by virtue of the federal constitution, including the right to a fair trial, are not rights "arising under a law providing for 'equal civil rights' within the meaning of § 1443(1)." Shuttlesworth v. City of Birmingham, 399 F.2d 529, 532 (5th Cir. 1968).

Secondly, for purposes of removal, the denial to a defendant of his civil rights must be by state constitution or statute. Denials occasioned by the alleged illegal, corrupt or prejudicial acts of judges are not sufficient grounds for removal. See Rand v. Arkansas, 191 F. Supp. 20 (W.D.Ark.1961).

Finally, § 971.20, Wis.Stats., provides that:

> "(1) The defendant may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. Such request . . . shall be made before making any motion or before arraignment. . . ."

When Mr. Kennedy pleaded "not guilty" at an arraignment proceeding before the judge whose fitness he now challenges, he would appear to have waived his right to utilize the machinery of § 971.20. Removal under § 1443 is not available to a defendant as an alternative vehicle for the substitution of judges. Whether the state judge should recuse himself is not for this court to decide.

Therefore, it is ordered that the respondent state's motion to remand this case to the circuit court, branch 18, in and for Milwaukee County, be and hereby is granted.