**Webster TWO HAWK, Appellant,**

v.

**ROSEBUD SIOUX TRIBE et al., Appellees.**

No. 75–1789.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1976.

Decided April 30, 1976.

Terry L. Pechota, Director, S. D. Legal Services, Mission, S. D., for appellant; Anita Remerowki, Mission, S. D., on brief.

Dennis H. Hill, Rapid City, S. D., for appellee; Mario Gonzalez, Martin, S. D., on brief.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Plaintiff, Webster Two Hawk, appeals from an adverse judgment in the District Court[1] holding that defendants had not unconstitutionally denied plaintiff his right to be a primary election candidate for tribal president of the Rosebud Sioux Tribe. Individual members of the Rosebud Tribal Election Board, named as defendants in the present suit, had disqualified plaintiff on the basis that he had not been physically residing on the Rosebud Reservation for the year preceding the primary election. Plaintiff had been living and teaching in Vermillion, South Dakota, which is some distance from the reservation. The one-year physical residence requirement is one of the eligibility prerequisites for tribal presidential candidates. *Rosebud Tribal Election Ordinance* R.B. 75–05. Upon his disqualification, plaintiff immediately instituted the present action pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1301 *et seq.* (1970), contending that the disqualification violated his constitutional rights of due process and equal protection. The District Court, upon stipulation of the parties, permitted the dispute to be submitted to the Rosebud Tribal Election Board for an evidentiary hearing on August 27, 1975. At the conclusion of the hearing, the Election Board reaffirmed its disqualification decision.

Upon resubmission of the matter to the District Court, the court denied plaintiff's request for declaratory and injunctive relief on September 15, 1975. The Rosebud primary election was held on September 28, 1975. Plaintiff filed his notice to appeal the District Court's judgment with this court on October 10, 1975. The Rosebud general election was held on October 23, 1975. In the general election, Ed Driving Hawk defeated Robert Burnette in the race for tribal president. In a post-election challenge by Burnette to the results of that race, this court recently affirmed a dismissal of Burnette's complaint, thus permitting Driving Hawk to continue as tribal president. *Rosebud Sioux Tribe v. Driving Hawk*, 534 F.2d 98 (8th Cir. 1976).

Based upon the chronology of events in this case, and in view of the type of relief sought by plaintiff, we conclude that the case is now moot. The District Court's judgment clearly permitted the Rosebud primary election to be conducted without

1. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota. Judge Bogue's opinion is reported at 404 F.Supp. 1327 (D.S.D.1975).

plaintiff's name being placed on the ballot as a candidate. Plaintiff did not seek a stay of that judgment at the District Court level as permitted by Fed.R.Civ.P. 62; nor was this court requested to stay the judgment pending appeal, a procedure which ordinarily cannot be pursued in the absence of a request for a stay in the District Court. Fed.R.App.P. 8. Moreover, there was no request that this court hear and resolve this dispute on an expedited basis in order to establish plaintiff's rights prior to the general election of October 23, 1975. Plaintiff chose to permit the Rosebud elections to be conducted with full knowledge that his name was not to be placed on the ballot. Plaintiff has not contested the general election results nor has he contended that any procedural irregularities permeated the general election. However, plaintiff now seeks a ruling from this court declaring that plaintiff was unconstitutionally denied access to the primary election ballot and ordering new presidential elections on the Rosebud Reservation.

In *Thompson v. Brown,* 434 F.2d 1092 (5th Cir. 1970), the court held that an attack upon the conduct of a primary election will be mooted if an uncontested general election has been held prior to appellate consideration. We think that principle governs under the facts of the present case. It would be wholly inappropriate and improper to dispossess the present, validly elected tribal president of his office on the weight of this belated appellate attack on the primary election.

This case does not involve an attack upon an allegedly invalid election ordinance or statute which imposes imponderable burdens on all candidates in past and future elections. If that were the situation, we might be inclined to review the case because the particular problems emanating from the ordinance or statute would be "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. I. C. C.,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316 (1911). However, the situation here is significantly different. Rather than attack Election Ordinance R.B. 75–05 on its face by contending that the physical residence requirement is unconstitutionally restrictive, plaintiff attacks the application of that ordinance to his circumstances by alleging that the Election Board members improperly concluded that his weekday absences from the reservation violated the "physical residence" requirement. There is nothing in the record to indicate that, when the next tribal election is conducted in two years, plaintiff's residency will be called into question under circumstances similar to those in the present case. Furthermore, we were advised during oral argument that many of the Election Board members who ruled on plaintiff's qualifications have been replaced. We do not perceive the rather unique factual pattern presented in this case as establishing any likelihood of recurring in the future. Accordingly, the *Southern Pacific Terminal Co. v. I. C. C., supra,* exception to the mootness principle is inapt. *See Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1, 4 (1969).

Since we have concluded that no effectual relief can be ordered in this case because the issues have become moot, we vacate the judgment of the District Court and remand the case with directions to dismiss plaintiff's complaint. *United States v. Munsingwear,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36, 40 (1950).